## Thomas J. Stout, Appellee, v. Albert C. Taylor, Appellant.

### Gen. No. 5594.

1. AUTOMOBILES—*when duty of driver to stop.* When the driver of an automobile sees that a horse is frightened, he has no discretion,—it is his absolute duty to stop.

2. APPEALS AND ERRORS—*when rulings upon evidence not saved for review.* If evidence received is complained of the complaint will not be considered upon review in the absence of an objection having been interposed.

3. APPEALS AND ERRORS—*when rulings upon evidence not saved for review.* If the evidence claimed to have been erroneously omitted is not abstracted or if set out in the brief the record page is not given the complaint will not be considered on review.

4. APPEALS AND ERRORS—*how motion to exclude should be made.* If a motion to exclude evidence is made and a part of the evidence is competent the motion should be specific as to the incompetent part, otherwise it will not be considered.

5. EVIDENCE—*when medical expert may predicate opinion upon subjective symptoms.* Where a physician giving an opinion obtained subjective symptoms while treating the plaintiff for his injuries such opinion is competent.

6. INSTRUCTIONS—*when not erroneous in failing to limit jury to actual pecuniary damages.* An instruction is not wrong which tells the jury that in making an estimate of damages they shall exercise their judgment upon the facts in proof by connecting them with their own knowledge and experience where the reference is to their general knowledge "which they are supposed to possess in common with the generality of mankind."

7. VERDICTS—*when not excessive. Held,* in an action on the case for personal injuries, that a verdict for $250 was not excessive where the plaintiff received injuries to his back and ankle and used crutches for three months.

Action in case for personal injuries. Appeal from the City Court of Kewanee; the Hon. H. STERLING POMEROY, Judge, presiding. Heard in this court at the October term, 1911. Affirmed. Opinion filed March 13, 1912.

STURTZ & EWAN, for appellant.

CHARLES E. MULLIGAN, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

On August 4, 1910, appellee was riding with one Berry in a buggy drawn by one horse, going west on the highway from Neoponset to Kewanee. About a mile east of Kewanee there was a railroad track crossing the highway at an acute angle. On the north side of the highway, east of the crossing, there was a ditch about eight feet deep. As they were approaching this crossing an automobile driven by appellant was coming toward them. When it was about 15 feet west of the crossing Berry's rig had stopped about 20 feet east of the crossing on the north side of the highway near the ditch. As the automobile passed over the crossing the top was jerked up. The horse became frightened and shied violently, went into the ditch, threw appellee on the ground and dragged the buggy over his body. Appellant did not stop, but increased his speed and passed on. Appellee brought this suit in the City Court of Kewanee to recover for the injuries sustained. The case was submitted to the jury on the first and third counts of an amended declaration. The first count charged general negligence in running and managing the automobile. The third count charged that it was driven at a great rate of speed and that the horse became frightened as the automobile approached and that appellant did not stop as required by Section 12 of the "Motor Vehicle Law". A plea of not guilty was interposed. Appellee had a verdict and a judgment for $250 from which this appeal is prosecuted.

It is contended that appellee was guilty of contributory negligence which should bar his recovery. That was a question of fact upon which there was ample evidence to support the conclusion of the jury that he was not negligent.

As to the rate of speed appellant was driving the automobile at the time it approached and passed the

buggy and the manner in which he was managing it at that time, the evidence is conflicting, but it conclusively shows that appellant knew that the horse was frightened and that he did not stop. In Ward v. Meredith, 220 Ill. 66, the court, in interpreting the language of section 2 of the act of 1903 regulating the speed of automobiles, which is the same as used in section 12 of the "Motor Vehicle Law", said: " 'Whenever it shall appear that any horse,' etc. is about to become frightened, means whenever it might, by the exercise of reasonable diligence, appear to the driver of the automobile that the horse was about to become frightened it would be his duty to stop," citing as authority Christy v. Elliott, 216 Ill. 31. Under these authorities, appellant had no discretion as to what he should do. It was his duty to stop his automobile when he saw that the horse was frightened.

Appellant complains that the court permitted proof that he did not stop after the accident, on the ground that such evidence made a cause of action not set up in the declaration. The abstract does not show that such evidence was objected to. Had it been, there might be some force in the contention, if appellee was proceeding under the common law count alone, but the case is based upon the statutory charge that appellant failed to stop. If appellee was precluded from showing that the automobile did not stop he could not prove his case.

Counsel argue that the court erred in permitting appellee to testify that he had a wife and three children. This evidence is not set out in the abstract. Counsel reply that it is set out in their brief and that that ought to be sufficient. The brief does not state on what page of the record such evidence can be found. Courts do not search records to find some ground for reversal not referred to in the abstract. Rule 16 of this court, 137 Ill. App. 625, requires the abstract to show everything relied upon for a reversal.

The abstract does show that a motion was made at the close of appellee's evidence to exclude several items of testimony, one of which was the alleged testimony concerning appellee's family. This motion was denied and it is urged that the ruling was erroneous. Some of the evidence sought to be excluded was clearly competent. If this motion had been granted the jury would not be able to know what parts were excluded. It should have pointed out the particular parts of the evidence sought to be excluded. The court properly denied the motion. Coburn v. Moline, East Moline & Watertown Ry. Co., 149 Ill. App. 132.

It is urged that it was error to permit a physician called by appellee to give an opinion based on subjective symptoms. The physician testified that he thought his back was sprained, but at no time that he examined him were there any outward signs; that when he pressed certain regions appellee said it was tender. This statement was made to the physician while treating appellee for the injuries received in the accident, and not in an examination made for the purpose of testifying. Under such circumstances, the testimony of the physician was competent. Collins v. Waters, 54 Ill. 485; West Chicago St. R. R. Co. v. Carr, 170 Ill. 478; Chicago City Ry. Co. v. Bundy, 210 Ill. 39. Moreover, if the court erred in ruling on such testimony, appellant could not avail of the error here for the reason that the abstract does not show an objection to its introduction.

It is urged that the 29th instruction given on behalf of appellee was erroneous. The instruction thus complained of is as follows:

"If from the evidence in the case and under the instructions of the court, the jury shall find the issue for the plaintiff, and that the plaintiff has sustained damages as charged in the declaration, then, to enable the jury to estimate the amount of such damages, it is not necessary that any witness should have expressed an opinion as to the amount of such damages,

but the jury may themselves make such estimate from the facts and circumstances in proof, and by considering them in connection with their knowledge, observation and experience in the business affairs of life."

It is said that the instruction was wrong, because it did not limit the jury to the actual pecuniary damages established by the evidence, but left them free to give such sum as in their opinion he might be entitled to recover.

The instruction is not, in our opinion, objectionable in the respect here indicated. An instruction is not wrong which tells the jury that, in making an estimate of damages, they shall exercise their judgment upon the facts in proof by connecting them with their own knowledge and experience, where the reference is to their general knowledge, "which they are supposed to possess in common with the generality of mankind." They are authorized to test the truth and weigh the evidence by their knowledge and judgment derived from experience, observation and reflection. City of Chicago v. Major, 18 Ill. 349; Ottawa Gas Light and Coke Co. v. Graham, 28 Ill. 73; Springfield Ry. Co. v. Hoeffner, 175 Ill. 634. Where an instruction, in an action for damages for a personal injury, authorized the jury to award such reasonable sum as would compensate the plaintiff for the impairment of his power to earn money in the future, and such reasonable sum as would compensate him for the pain and anguish suffered by reason of his injury, it was held that these elements were, from necessity, left to the sound discretion of the jury. B. & O. S. W. Ry. Co. v. Then, 159 Ill. 535; I. C. R. R. Co. v. Cole, 165 Ill. 334; West Chicago St. R. R. Co. v. Carr, *supra*. Damages for such injuries, as are named in this instruction, must necessarily be left to the sound discretion and judgment of the jury, basing their exercise of such discretion and judgment upon the evidence in the case, and bringing to bear on such evidence their general knowl-

edge and experience as business men. Springfield Ry. Co. v. Hoeffner, *supra*.

It is also urged that the judgment is excessive. Appellee testified that he sustained injuries to his back and ankle and used crutches for three months; that before the accident he earned from $1.50 to $2.00 per day, but had not been able to work much since on account of the pain in his back. The proof shows that he was at some expense to be treated and a physician testified that his back would never be as strong again. This evidence, we think, fully justifies the amount of the judgment.

The judgment is clearly right upon the merits and there being no prejudicial error in the record, it is affirmed.

*Affirmed.*