Arthur Nupnau, on Behalf of Himself and All Other Beneficiaries Under the Last Will and Testament of Minna Rathje, Deceased, Dated January 14, 1959, and Under the Codicil Thereto Dated January 26, 1959, Plaintiffs-Appellants, v. Herman H. Hink, Executor of the Purported Last Will and Testament of Minna Rathje, Deceased, Dated September 4, 1959, and Herman H. Hink, et al., as Beneficiaries Under the Said Purported Will, Defendants-Appellees.

Gen. No. 49,112.

First District, Fourth Division.

October 7, 1964.

Rehearing denied November 30, 1964.

81

Dixon, Morse, Knouff & Holmes, of Chicago (Marshall Patner, of counsel), for appellants.

Dallstream, Schiff, Hardin, Waite & Dorschel, of Chicago (Robert S. Hunt and Robert J. Harmon, of counsel), for appellees.

MR. PRESIDING JUSTICE ENGLISH delivered the opinion of the court.

Plaintiffs appeal from an order of the Superior Court dismissing for lack of jurisdiction their complaint to contest the will of Minna Rathje, deceased.[1]

Plaintiffs, who are beneficiaries under a prior will, filed their original and amended complaints within the statutory nine-month period following the date of admission of the will to probate. Named as defendants were the executor under the probated will and the three beneficiaries thereunder, one of whom (the executor) happens also to be an heir of the decedent. As shown by the Declaration of Heirship on file in the Probate Court prior to probate of the will, there are some half dozen other heirs who were not made defendants. On this basis the named defendants moved to dismiss the amended complaint for failure to join all necessary parties within the time prescribed by law.

Plaintiffs filed countermotions asking the court to dispense with the necessity of joining the heirs as

---

[1] The appeal was taken direct to the Supreme Court, but after briefs were filed there, the case was transferred to this court.

parties under the circumstances, or to permit them to be added as defendants in a second amended complaint to be filed nunc pro tunc as of the date of filing of the amended complaint.

After a hearing, the plaintiffs' motions were denied; the defendants' motion was allowed; and an order was entered dismissing the cause "inasmuch as this court is without jurisdiction in that all necessary parties to this cause of action were not made parties hereto and the time in which they may be made parties has expired."

The governing statutory language is found in Sections 90 and 91 of the Probate Act (Ill Rev Stats 1961, c 3, §§ 90, 91) which read in pertinent part as follows:

> Sec 90.
>
> Within nine months after the admission to probate of a domestic or foreign will in the probate court of any county of this State, any interested person may file a complaint in the circuit court of the county in which the will was admitted to probate to contest the validity of the will. . . .
>
> Sec 91.
>
> The executor under the will or administrator with the will annexed and all heirs, legatees, and devisees of the testator shall be made parties to the suit.

■ Considering plaintiffs' first motion first, the argument is made that they should be excused from including the omitted heirs as parties because as heirs they have no interest in defending the will, and the presence of the heirs before the court would, therefore, serve no useful purpose; citing McCreery v. Bartholf, 305 Ill 325, 137 NE 242; Krzeminski v. Krzeminski, 285 Ill 113, 120 NE 560; and Crescio v.

Crescio, 365 Ill 393, 6 NE2d 628.[2] We agree with no part of this contention. The cases relied on were decided prior to the enactment of Section 91 of the Probate Act in 1939 which remained unchanged at the times pertinent to this litigation. Whatever latitude the courts may then have had in determining the essentiality of parties was effectively eliminated by the mandatory declaration of necessary parties in the statute. Furthermore, it cannot be assumed that success by the plaintiffs in the instant litigation would automatically be followed by probate of the prior will which they espouse. The possibility exists, therefore, that the heirs might eventually take decedent's estate, and thus have an interest in the litigation, if not in the defense of either will.

■ As to the second motion of plaintiffs, the request for a nunc pro tunc filing is inappropriate, the essential requisites for such relief being absent. A nunc pro tunc order, or an order permitting a nunc pro tunc filing, may properly be entered only for the purpose of making a present record of something previously done but unrecorded. Wiggins v. Union Trust Co. of East St. Louis, 266 Ill App 560, 562; In re Estate of Young, 414 Ill 525, 534, 112 NE2d 113. It is corrective in character, not creative.

If allegations of fact calling for application of the nunc pro tunc principle were present in this case the fundamental question argued here would never be reached. Rather than affirm on so limited a ground, however, we shall consider, as have all parties and the trial court, that the question presented

---

[2] Plaintiffs also cite Tidholm v. Tidholm, 322 Ill App 691, 54 NE2d 745, but that case presents a quite different situation. There, the heirs who were not beneficiaries under the contested will were made defendants and appeared. On their own motion they were permitted to file disclaimers of interest and thereupon were dismissed from the case.

for decision is whether, under the circumstances of this case, the plaintiffs should be permitted to amend their complaint for the purpose of adding the heirs as defendants after expiration of the nine-month period following admission of the will to probate.

■ In the briefing of this question defendants have urged that Section 91 be read as though it were a part of Section 90, while plaintiffs contend that the two sections should be considered separately and not construed together. Both arguments conclude that construction of these sections in consolidated or separated form would be dispositive of the issue in the case. We think not. We shall attempt to make the proper interpretation of both parts of the statute regardless of their location in the same or different sections of the act, for surely they both have a bearing on the question presented, and neither can arbitrarily be ignored or given more weight than the other. The intention of the legislature must be deduced from examination of the whole statute. People ex rel. Nordstrom v. Chicago & N. W. Ry. Co., 11 Ill2d 99, 106, 142 NE2d 33.

■ It is beyond dispute that the time limit for filing suit proclaimed in Section 90 is not the authorization of an affirmative defense in the nature of a statute of limitations (which would affect only the remedy and would be subject to waiver), but is rather a condition precedent to liability which must be complied with if the jurisdictional grant of the statute is to be invoked. This characteristic emerges from the fact that the cause of action is a creature of the legislature and not the codification of a common-law right. Masin v. Bassford, 381 Ill 569, 571, 46 NE2d 366; Heuberger v. Schwartz, 41 Ill App2d 28, 30, 190 NE2d 163; and, by analogy to the Injuries Act, Wilson v. Tromly, 404 Ill 307, 309, 89 NE2d 22.

Nor can there be any doubt that the time limit thus established constitutes an expression of public policy in favor of early determination of the ultimate validity or invalidity of wills admitted to probate. As stated by this court in Pedersen v. Dempsey, 341 Ill App 141, 143, 93 NE2d 85:

> The statute limiting the time for filing a bill to contest a will was first fixed at five years, then reduced to three, then to two, and ultimately to its present period of nine months. The reason for these reductions in the time within which the validity of a will may be questioned is the pressing importance of securing an orderly settlement of estates, to prevent embarrassment to creditors and others, and to avoid as much confusion as possible in the vast amount of property rights and titles that pass through probate. So important has this been deemed by courts and legislatures that neither fraud and concealment, nor the admitted incompetency of an attesting witness nor even the insanity of an heir can upset an order of probate after the time allowed. (Citing cases.)

See also Heuberger v. Schwartz, 41 Ill App2d 28, 30, 190 NE2d 163.

Among the cases relied on by plaintiffs are two which were decided before the enactment of Section 91. In McCreery v. Bartholf, 305 Ill 325, 137 NE 242 (1922), all necessary parties had been brought before the court by the original bill. After expiration of the statutory period, and after trial had begun, the complainant asked that his bill be dismissed. Thereupon one of the defendants sought to substitute himself as complainant to carry on the litigation. Applying strict construction of the statute autho-

rizing the cause of action, the court denied the permission requested and dismissed the entire cause, holding that the would-be complainant could have made such a move before the time had run, but by his failure to act within the statutory period, he had lost his right to conduct the contest in his own name. The court stated flatly: "In this State the right to contest a will is purely statutory, and such right can be exercised only in the manner and within the limitations prescribed by the statute." (Page 326.)

Insofar as this decision is apropos at all (in the light of the later statute) it favors the position taken by the trial court in the instant case and urged upon us by the defendants. It is cited by plaintiffs, however, who find comfort in the following dictum appearing at page 327:

It is true that it was necessary for Louis McCreery [the original complainant] to make parties all persons who had any substantial legal or beneficial interest in the will of John H. McCreery and who would be materially affected by a decree entered in a suit to contest that will. (Brown v. Riggin, 94 Ill 560; Riley v. Webb, 272 id. 537.) Appellant was a necessary party, and if the original complainant had failed to name him as a defendant, it would have been the duty of the court, as soon as it learned of the situation, to make him a party. (McMechan v. Yenter, 301 Ill 508.) The reason for this rule is apparent. When all the necessary parties are before the court the whole case may be considered and all interests protected, and the court is enabled to make a complete decree binding on all parties who have a substantial beneficial interest in the subject matter of the litigation and thereby dispose of the whole cause.

Stephens v. Collison, 249 Ill 225, 94 NE 664 (1911), was a case in which the executors under the contested will were made defendants in their individual capacity, but not as executors, even though their appointment as executors was alleged in the body of the bill. After the statutory period had run, the executors were named defendants in an amended bill to which they demurred on the ground that it was filed too late. The trial court dismissed the suit, but the Supreme Court reversed and permitted the amendment, stating at pages 235, 236:

> The original bill alleged that Collison and Karr had been duly appointed and were acting as executors. The bill asked that Collison and Karr be made defendants and that they be served with process, but did not ask that they, as executors, be made parties defendant and that process issue for them as executors. As individuals and as executors they were different persons and the bill should properly have made them defendants as executors, but the failure to do this does not mean that no suit was brought to contest the will until they were made parties as executors. The statute requires the suit to be commenced within one year after the probate of the will. If it is so brought, *the omission, by oversight, to make some necessary party a defendant until more than a year after the probate of the will, will not bar the action.* Here the suit to contest the will was commenced within a year and all heirs and devisees were made defendants. Collison and Karr were made defendants also, but not as executors, although the bill alleged they were executors, and it is apparent that they were proper and necessary parties only in that capacity. Having made all other nec-

88

essary parties defendants to the bill but obviously *by mere oversight* having failed to make Collison and Karr, as executors, defendants, to hold that the action was not brought until they, as executors, were made defendants would be contrary to reason and justice. (Emphasis supplied.)

Attention is called to the fact that the executors had originally been described in the bill as such, that they were made defendants individually, and that the court referred to the failure to describe their representative capacity in the bill as omission by mere oversight. None of these factors is present in the case at bar.

It will be conceded, however, that some of the language quoted above from the Stephens opinion reads in favor of the plaintiffs in the instant case. It must be determined then how much weight it should be given in view of the subsequent enactment of Section 91. The Seventh Circuit Court of Appeals considered this very question and decided that the Stephens decision had been rendered obsolete by the statute and should be given no weight whatsoever. Strachan v. Nisbet, 202 F2d 216 (1953).

In the Strachan case the trial court dismissed a will contest complaint on the dual grounds of failure properly to allege the required jurisdictional amount in a diversity suit and failure to make nineteen heirs of the decedent parties to the suit within the allotted statutory time. In an amended complaint the plaintiff supplied the necessary allegation that the amount in controversy exceeded $3,000. He also sought to add the omitted heirs as coplaintiffs, but this effort was ruled out as coming too late under the Illinois statute with which we are here concerned. The Court of Appeals affirmed. Both courts were, of course,

applying Illinois law. Erie R. Co. v. Tompkins, 304 US 64. The Court of Appeals stated at pages 219, 220:

> Sec 90 is a limitation of a right provided by law and is not a statute of limitation. The Supreme Court of Illinois has so held in many cases. (Citing and quoting from O'Brien v. Bonfield, 220 Ill 219–223.)

In Masin v. Bassford, 381 Ill 569, 46 NE2d 366, an action brought under sec 90 of the Probate Act of 1939, the conservator of an insane person filed the suit after the nine month period provided by the statute. The court dismissed the action for want of jurisdiction. Plaintiff in that suit claimed the constitutional rights of his ward were violated when the legislature in passing the Probate Act of 1939 failed to provide to his insane ward the same rights which the statute of wills had theretofore provided; namely, the saving clause to infants and persons non compos mentis, of the nine month period after removal of their respective disabilities as contained in prior statutes. The court held that the right to contest the will was purely statutory and that the legislature had the power to condition the right or even take it away completely.

• • • • • •

*Plaintiff relies on the case of Stephens v. Collison, 249 Ill 225, 94 NE 664. That action was governed by sec 7 of the Wills Act. The Wills Act made no provision as to who should be made defendants as does the Probate Act of 1939. The Stephens case is not in point.*

The Probate Act of 1939, sec 91, requires that all heirs, etc., be made parties to the suit. In

a suit to contest a will where that section has not been complied with, the District Court lacked jurisdiction to entertain the complaint. Time and again the Supreme Court of Illinois has passed upon the power of courts in will contests. It has uniformly held that the jurisdiction granted under the statute must be exercised in the mode and manner therein prescribed. (Citing cases.)

*Under the 1939 Probate Act, jurisdiction of the court attaches when the bill is filed within nine months after the will has been admitted to probate and the persons named in sec 91 have been made or become parties to the suit within that time limit.*

. . . . . .

The Supreme Court of Illinois has held that the right to contest a will is purely statutory. *The statute designates persons to be made parties to the contest; it fixes the time within which the suit must be filed. The statute is to be strictly construed.*

Plaintiff cites many cases not in point, and many from other jurisdictions with which we need not concern ourselves as the law of Illinois is very plain, definite and settled.[3] (Emphasis supplied.)

Plaintiffs here cannot take lightly the persuasive authority of this opinion and the deference due to decisions of our brethren in the Court of Appeals, so they seek to distinguish the case as applying to plaintiffs generally but not to defendants. Thus, they say,

---

[3] It is interesting to note that the court relied on the decision in McCreery, thus, apparently, either ignoring the dictum in that opinion or considering it superseded, along with Stephens, by passage of Section 91.

91

the nineteen heirs in the Strachan case could no doubt have been added as defendants but not as plaintiffs since the time limitation of Section 90 refers only to persons bringing suit. This is a distinction we do not understand. If one of two heirs successfully contests a will by a suit in which he names the other as a defendant, they will both share in the benefits in precisely the same way they would if both had been plaintiffs. Furthermore, Section 91 makes no distinction as to the place of the necessary persons in the litigation, stating only that they must be made "parties to the suit."

Since enactment of the Probate Act of 1939, the only decision of our Supreme Court which has a bearing on the issue before us is Fleshner v. Copeland, 13 Ill2d 72, 147 NE2d 329 (1958). In that case a complaint contesting a will was filed two days before expiration of the nine-month statutory period. All necessary parties, with the exception of the executor, were listed in the caption of the complaint. In its prefatory paragraph the complaint stated that plaintiffs complained of "the above named defendants," which, therefore, did not include the executor. In the body of the complaint, however, it was alleged:

5. That J. E. Reeser, one of the Defendants herein, was named as Executor of the Estate of the said Anna May Brewster, and is still acting in said capacity.

6. That said Anna May Brewster left these Plaintiffs among her surviving heirs, and that, with the exception of said J. E. Reeser, executor, all of the Defendants are heirs, devisees, and legatees of the said Anna May Brewster.

The summons bore the same caption as the complaint, also omitting the name of Reeser, as executor.

The case came to the Supreme Court on appeal from an order which allowed defendants' motion to dismiss for plaintiffs' failure to make the executor a party within the statutory period, and which denied plaintiffs' concurrent motion for leave to amend the caption and summons by adding his name thereto. The trial court was reversed and the case was remanded with directions to permit amendment of the complaint and summons. Plaintiffs in the case at bar rely heavily upon the Fleshner case, and so also did another division of this court in deciding the case of Krunfus v. Winkelhake, 44 Ill App2d 124, 130, 194 NE2d 24. In both instances we believe the reliance to have been misplaced. The Fleshner decision did not determine the issue presented here, and, in our opinion, it did not, as was stated in Krunfus, reject the rationale of the Strachan case. On the contrary, we believe that the Supreme Court indicated its approval of the Strachan rule in the factual situation found in the case at bar and in the Krunfus case.

The court in Fleshner did not decide that a necessary party who was a stranger to the original complaint could be added by amendment after the time limit had run. It held only that "J. E. Reeser, as executor, was *adequately,* although defectively *named defendant in the complaint* as originally filed." (Page 76, emphasis supplied.) And the court also said at pages 74, 75:

> Under the facts of this case, we conclude that plaintiffs properly invoked the jurisdiction of the trial court within the nine-month period prescribed by section 90 of the Probate Act above cited. *While the executor was not named in the caption or the introductory paragraph, he was specifically named as defendant in the body of*

93

*the complaint.* Defendants, however, urge that the failure to name the executor in the conventional way in the introductory paragraph and caption of the complaint was a fatal defect divesting the trial court of its jurisdiction. With this we cannot agree. *A proper complaint was filed within the statutory time which named the executor as defendant in paragraphs 5 and 6 thereof. The complaint disclosed a clear intention to make the executor a party defendant although it was unskillfully drawn or imperfectly drafted by inadvertence or clerical error.* A cause of action was stated, and we see no compelling reason to deny plaintiffs the right to amend. (Emphasis supplied.)

Having reached the conclusion that the executor was adequately made a party in the original complaint, the court had no cause to reject or comment adversely on the Strachan case because of the dissimilarity in the facts. The only mention the court made of that case was at page 75 where it said:

The decision in Strachan v. Nisbet, 202 F2d 216, relied on by defendants, is not in point. It turned on issues of Federal jurisdiction not applicable here, and in addition, the plaintiff there deliberately avoided making 19 heirs parties to his original complaint and sought to include them as defendants in his amended complaint, months after the statutory period for contesting the will had elapsed.

In our case the heirs whom the plaintiffs would now add as defendants were not "adequately" named in the original complaint; they were not "specifically named" as defendants "in the body of the complaint"; the complaint did not disclose "a clear in-

94

tention to make" them defendants; they were not omitted "by inadvertence or clerical error"; all of which would have been necessary to bring the instant case or Krunfus within the scope of Fleshner. Instead, the plaintiffs in the case at bar "deliberately avoided making [six] heirs parties to [their] original complaint" [4] and "sought to include them as defendants in [their] amended complaint" only when forced on their attention by defendants' motion to dismiss, and "months after the statutory period for contesting the will had elapsed"; all of which facts bring the instant case within the Fleshner court's description of the Strachan case.

So far as has come to our attention, the only other jurisdiction wherein a similar statutory situation obtains is the state of Ohio. There an early case, Bradford v. Andrews, 20 Ohio St 208 (1870), was authority for the proposition that a petition to contest a will filed within the statutory period saved the action for all interested persons who might thereafter be made parties prior to judgment. This case, along with Stephens v. Collison, is cited with approval in Krunfus, but the weakness in this citation is that both those cases were decided before the respective enactments of the Ohio and Illinois statutes declaring necessary parties.

As in the Illinois statute, the direction regarding necessary parties in the Ohio statute is contained in a section entirely separate from that which provides for the time limit for filing suit. Section 12087 of the Ohio General Code provides: "An action to contest a will or codicil shall be brought within six months after it has been admitted to probate." Section 12080 provides that all beneficiaries, personal

---

[4] Plaintiffs' primary motion was to be excused from making them parties at all.

95

representatives and heirs "must be made parties to the action."

In Gravier v. Gluth, 163 Ohio St 232, 126 NE2d 332 (1955), plaintiffs, who had filed a timely suit, petitioned to make additional heirs parties to the litigation after the six-month period had expired. When this omission was thus called to the court's attention, the suit was dismissed for failure to join all necessary parties within the time allowed. On appeal it was contended (in accordance with the principle of the pre-statute Bradford decision) that "at least one member of each necessary class of parties was made a party when the contest was originally commenced" and that, therefore, "other members of these classes can be joined at any time and must be joined before the case is heard." (Page 236.) In affirming the dismissal, however, the court said at page 237:

> There was a defect in parties during the entire six-month limitation period, which became apparent upon the filing of the amended petition. If the claim of the plaintiffs, that one or more of them by instituting this action held the case open indefinitely for the benefit of any other person who wished to join as plaintiffs, were upheld, it would extend the time for settling estates of decedents indefinitely, in conflict with the established policy of this state. The duty of the plaintiffs was to include in their action all the parties required by the statute within the six-month limitation. This was not done, and the Court of Common Pleas correctly determined it had no jurisdiction.

Still more recently, in Fletcher v. First Nat. Bank of Zanesville, 167 Ohio St 211, 147 NE2d 621 (1958), the Supreme Court of Ohio reached a like result,

again in a case of an omitted heir. In its opinion the court more specifically declared that passage of the necessary-party statute destroyed the viability of the Bradford decision. The court commented that "the decision in the Bradford case is of no present assistance since Section 12080, General Code, . . . had not then been enacted"; and concluded:

> In Ohio the right to contest the validity of a will or codicil is wholly a creature of statute and hence is entirely a matter of legislative policy. The intention of the General Assembly to accelerate the settlement of estates is indicated by the fact that at one time the requirement for will contests was two years. Later it was reduced to one year, and now it has been still further restricted to six months. Also important is the additional fact that the General Assembly was not satisfied to enact an ordinary waivable statute of limitation but has established mandatory conditions precedent that the action "shall be brought" within six months after probate, and the interested persons "must be made parties" thereto.

Thus did the Ohio Supreme Court declare obsolete its own prestatute decision in the same way the Court of Appeals here in the Strachan case had declared the Stephens decision superseded by the necessary-party provision of the Probate Act of 1939 which, interestingly enough, was patterned almost verbatim after the Ohio statute.

The Krunfus opinion bases its conclusion, in part at least, on the proposition that enforcement of the time limit prescribed by Section 90 of the Probate Act "would cause a direct conflict with the provisions of Section 46 and the mandate of Section 26 of the Civil Practice Act." Krunfus v. Winkelhake,

44 Ill App2d 124, 130, 194 NE2d 24. Section 26 provides:

> No action shall be dismissed for misjoinder of parties, or dismissed for nonjoinder of necessary parties without first affording reasonable opportunity to add them as parties. New parties may be added and parties misjoined may be dropped by order of the court, at any stage of the cause, before or after judgment, as the ends of justice may require and on terms which the court may fix.

If this section is to be considered a mandate of sufficient authority to override the limitation period of Section 90 of the Probate Act, then that same authority would be sufficient to nullify all other statutes imposing any type of time limitation. It is our understanding of this section that it was intended to give way in confrontation with specific limitation provisions, and that it does not confer on the court a discretion to decide that the adding of parties is "reasonable" or required by "the ends of justice" when limitation statutes have commanded that it shall not be done. See Kohlhaas v. Morse, 36 Ill App 2d 158, 161, 183 NE2d 16.

We also find it necessary to disagree with the Krunfus opinion's interpretation of Section 46 as it applies to factual situations such as those existing in Krunfus and in the instant case. The two paragraphs of Section 46 which must be examined are:

> (1) At any time before final judgment amendments may be allowed on just and reasonable terms, introducing any party who ought to have been joined as plaintiff or defendant, discontinuing as to any plaintiff or defendant, changing the cause of action or defense or adding new

98

causes of action or defenses, and in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought or the defendant to make a defense or assert a cross demand. (Enacted in 1933.)

(4) A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met: (a) the time prescribed or limited had not expired when the original action was commenced; (b) failure to join the person as a defendant was inadvertent; (c) service of summons was in fact had upon the person, his agent or partner, as the nature of the defendant made appropriate, even though he was served in the wrong capacity or as agent of another; (d) the person, within the time that the action might have been brought or the right asserted against him, knew that the original action was pending and that it grew out of a transaction or occurrence involving or concerning him; and (e) it appears from the original and amended pleadings that the cause of action asserted in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, even though the original pleading was defective in that it failed to allege the performance of some act or the existence of some fact or some other matter which is a necessary condition precedent to the right of recovery when the condition precedent has in fact been performed, and even though the person was not

named originally as a defendant. For the purpose of preserving the cause of action under those conditions, an amendment adding the person as a defendant relates back to the date of the filing of the original pleading so amended. (Enacted in 1955.)

Before the addition of paragraph (4) it was decided in Fitzpatrick v. Pitcairn, 371 Ill 203, 20 NE2d 280, that paragraphs (1) and (2) [5] did not afford authority for amendment of a complaint for the purpose of adding a proper party defendant after the pertinent time limit had run, even though the proposed defendant, or his or its agent, had been served with summons under the prior pleading.

The enactment of paragraph (4) did not alter the basic rule prohibiting the addition of defendants after the running of the time limit. It merely provided relief for a plaintiff who, through inadvertence, etc., had sued the wrong defendant, but with service of summons on the agent of the right defendant.

However, in Krunfus the court extends the fourth paragraph's "cure" of the Fitzpatrick rule to cover the addition, by amendment, of defendants who were in no way parties under the prior pleading, through agency or otherwise. As a matter of fact, there is no pretense in the case at bar that the amendment could qualify under paragraph (4), and there appears to have been none in Krunfus.

Some years prior to the Krunfus decision, when faced with similar circumstances in a personal injury case, the same court which decided Krunfus reached the opposite conclusion. In Fahey v. Production Steel Co. of Illinois, 16 Ill App2d 312, 148 NE2d 6, that court, after pointing out that plain-

---

[5] Paragraph (2) is not important to our consideration here.

tiffs relied solely on Section 46(1) and (2), said at page 316:

There remains the sole question whether the liberal provisions in regard to amendments contained in Chapter 110, Illinois Revised Statutes, section 46, as interpreted by the courts of this state, are sufficiently broad to grant the power of amendment to add an additional party defendant after the period of the statute of limitations has passed. It is obvious that the section must be construed as a whole. It is also equally obvious that paragraph (4), which has been recently added to the section, provides a method and describes a situation under which that end may be accomplished, and by that provision impliedly negatives the idea that that result could be accomplished in any other way than that set forth in the added sub-paragraph.

A consideration of the decisions in Metropolitan Trust Co. v. Bowman Dairy Co., 369 Ill 222, Desiron v. Peloza, 308 Ill App 582, and Geneva Const. Co. v. Martin Transfer & Storage Co., 4 Ill2d 273, indicates that the factual situations therein do not apply to the situation involved in this case. At the same time, a consideration of Fitzpatrick v. Pitcairn, 371 Ill 203, decided before paragraph (4) of section 46 was enacted, indicates that paragraphs (1) and (2) of section 46 do not afford relief in regard to amending a complaint for the purpose of adding a new defendant after the statute of limitations has run, and points up the necessity and purpose of the enactment of paragraph (4) of section 46 and the necessity of complying with its provisions to achieve the result desired.

Since it is admitted by the appellee that she is not relying upon her alleged compliance with section 46(4), this effectually disposes of the question of the right to bring this defendant into this proceeding by amendment of the complaint after the applicable statute of limitations has run.

We agree. And, while the Fahey decision covered a statute of limitations rather than, as here, a statute imposing a time limit as a condition of jurisdiction, the language of Section 46 covers both, with the latter circumstance presenting an even stronger case, in our opinion.

When it came to Krunfus, however, the court permitted the late joinder of defendants by application of Section 46(1), the only time limit then becoming the entry of final judgment. Thus, by apparently invoking Section 46(1) in order to decide that the time for adding defendants had not run, the court, in effect, nullified Section 46(4), and the Fahey decision along with it. The same circular reasoning applied to the facts in Fahey would have produced an opposite result in that case, and could in any other case effectively eliminate the need for compliance with the conditions of Section 46(4).[6] The concern expressed by way of dictum in both Krunfus opinions through the medium of advices that citation of the case should be limited to will contest suits is well-founded. For we see no such distinction in logic or law, and fear that if the basic purport of the

[6] The court in Kohlhaas v. Morse, 36 Ill App2d 158, 162, 183 NE2d 16, said: "There being no pretense that the three defendants sought to be added had ever been served in any capacity, Sec 46(4) has no application and plaintiffs cannot assert any right under it. Indeed, to hold otherwise would mean that anyone may be sued at any time regardless of the time limitation. If that were the law there would be no need for Section 46(4)."

decision is to be followed, the mere addition of this caveat will offer scant hope of containing or mitigating the mischief of the decision.

It may even be that the denial to a newly added defendant of his right to defend on the ground of expiration of a statutory time limit would infringe upon a constitutional right, a question which we do not here pass upon. Board of Education of Normal School Dist. v. Blodgett, 155 Ill 441, 446, 447, 40 NE 1025.

■ It seems to us that the Krunfus interpretation of the relationship between Sections 90 and 91 impedes rather than accomplishes the implementation of the public policy expressed in the statute. To give full effect to the time condition, and so to require a plaintiff to comply with Section 91 within the limitation of Section 90 would not impose a hardship upon him. All persons declared to be necessary parties are identified as a matter of public record in the probate proceeding at least nine months before the deadline for filing his complaint. No valid reason occurs to us why such a plaintiff should be permitted to pick and choose from among the necessary parties,[7] leaving it up to the defendants or the court to bring in for him those parties he might decide to leave out; or be permitted to bring them in himself whenever he might see fit, either before or after the time limit established in the statute. In every case in which parties would be added after expiration of the statutory period there would, of necessity, be some delay (long or short) as compared with the

---

[7] There can be no difficulty in ascertaining who the necessary parties are. We do agree with the statement in Krunfus at page 127 that: "The general equity doctrine of virtual representation has been superseded by the clear, simple mandatory formulation of Section 91 by which an attorney may quickly and easily know who is a necessary party to a will contest suit."

same case if all parties had been brought before the court within the time limit; and by just so much would the purpose of the statute be defeated in effectuating the public policy favoring expeditious settlement of estates.

The order of the Superior Court is affirmed.

Affirmed.

DRUCKER and McCORMICK, JJ., concur.