Frank D. Templeman and Rochelle State Bank, a Corporation, Plaintiffs-Appellants, v. City of Rochelle, a Municipal Corporation, Paul F. Jones, as Mayor, Ray M. DeCourcey, as City Clerk, and Hugh E. Cooper, Robert E. Lazier, William D. Mougin and Frank Wright, as Councilmen, Defendants-Appellees.

Gen. No. 64–20.

Second District.
October 21, 1964.

William R. Gunner, of Dixon, and Paul F. O'Niel, of Rochelle, for appellants.

Fearer & Nye, of Oregon, and David K. Guest, of Rochelle (Gerald W. Fearer and Philip H. Nye, Jr., of counsel), for appellees.

ABRAHAMSON, P. J.

The amended complaint in this cause sought a declaration that the sale of a parcel of real estate by the

City of Rochelle was invalid; that its conveyance to the National Bank of Rochelle be set aside and that a writ of mandamus issue, requiring the City to accept the bid of the Rochelle State Bank and to convey the real estate to the State Bank upon compliance with the bid. The motion of the defendants to dismiss was granted and the plaintiffs have appealed, alleging basically that the City had no authority to accept the lower of two cash bids.

The pertinent portions of the amended complaint are as follows: The City of Rochelle by ordinance adopted September 10, 1962, determined pursuant to Illinois Revised Statutes, 1961, chap 24, Sec 11–76–1 and Sec 11–76–2, that the land then used as a parking lot was no longer necessary, appropriate or required for the use of, or profitable to the future best interests of the City and directed a sale. The ordinance further provided that the bid in each case was to be accompanied by a signed statement of the bidder as to the use he intended to put the property to if his bid was accepted.

The State Bank of Rochelle bid the sum of $40,600 advising that pending the approval of its stockholders to erect a bank building the premises would continue to be utilized as a parking lot. The National Bank of Rochelle bid the sum of $35,000 indicating that the utilization would be off street parking. It appears from the bid that the acquisition of this property would extend and enlarge an already existing parking lot adjacent to the National Bank building. The City accepted the lower of the two bids and subsequently the National Bank advised the City that it was authorized to insert in the deed of conveyance a restriction to the effect that the premises would be used for the purposes of off street vehicle parking for a period of 25 years from date.

Plaintiffs contend that a municipality selling real estate has no power to accept the lower of two cash

203

bids and is limited in its powers to those conferred by statute. Defendants maintain in the absence of a clear showing of fraud or illegality that the municipality has the implied power under the statutory provisions, supra, to sell municipal property at a price and under such conditions as it deems best in its administrative discretion. The issue thus presented is the construction of the foregoing sections.

██ In statutory construction it is the function of the Courts to ascertain and give effect to the intent of the Legislature, arriving at such intention not only from the language employed in the legislation, but also from the reason and necessity of the law, the evils to be remedied, and the objects and purposes to be obtained. Mid-South Chemical Corp. v. Carpentier, 14 Ill2d 514, 153 NE2d 72; Lincoln Nat. Life Ins. Co. v. McCarthy, 10 Ill2d 489, 140 NE2d 687. Furthermore, under familiar principles, a statute itself affords the best means of its exposition, and if the legislative intent can be ascertained from the provisions of the statute that intent will prevail without resort to other aids for its construction. Illinois Bell Telephone Co. v. Fox, 402 Ill 617, 85 NE2d 43; Deutsch v. Department of Ins., 397 Ill 218, 73 NE2d 304.

Chap 24, Sec 11-76-2, Illinois Revised Statutes, 1961, reads in part as follows:

> The notice shall contain an accurate description of the property, state the purpose for which it is used, and at what meeting the bids will be considered and opened, and shall advertise for bids therefor. All such bids shall be opened only at a regular meeting of the corporate authorities. A bid shall be accepted only upon a vote of three-fourths of all of the corporate authorities, but by a majority vote they may reject any and all bids.

This grant of authority by the Legislature does not contain an express provision that the municipality is required to accept the highest bid.

Prior to 1889 the Legislature had expressly authorized cities and villages to acquire and hold real and personal property for corporate purposes. No provision had been made for the conveyance or sale of real or personal property. This is distinguished from the authority granted to counties and townships in that both of these bodies, by express grant from the Legislature, were permitted to acquire, sell and convey real estate. However, no procedure or method was encompassed in the grant of authority.

The enabling act adopted in 1889 expressly conferred upon the cities and villages the authority to convey real estate with practically the identical provisions which now appear in the act of 1961.

██ Prior to 1889 in the case of McCord v. Pike, 121 Ill 288, 12 NE 259, the Supreme Court concluded that the Commissioners of Cook County under the foregoing general grant could not accept the lesser bid in the sale of real estate, stating: Trust property cannot be arbitrarily or capriciously disposed of,—it must be sold for the most that it will bring in market. The McCord case appears to be determinative of the issue prior to the enactment of the act of 1889, granting the cities and villages the power to sell. It would appear to us that the Legislative intent in the act of 1889 merely provided a procedure or method for municipalities no longer needing or requiring real estate for public use to sell and remedy the problem which confronted the Supreme Court in the McCord case, supra. Concluding this phase of the case we determine that a municipality under Illinois Revised Statutes, 1961, Chap 24, Sections 11–76–1 and 11–76–2, does not have discretion in the

sale of real estate and must, if a bid is accepted, take the highest offer.

In other jurisdictions it has been held that a municipality in disposing of property is not required to consider only the price which is offered. It may take into consideration its economical, financial and industrial interests, including the tax yield from proposed developemnt. Claus v. Babiarz, 190 A2d 19 (Del Ch); Roberts v. Northern Pacific R. Co., 158 US 1, 15 S Ct 756; Quackenbush v. City of Cheyenne, 52 Wyo 146, 70 P2d 577. We find no express authority from the Illinois Legislature to this effect nor have we been able to find any Illinois case law.

In accepting the lower bid with the restriction that the property would continue to be used for off street parking, the City of Rochelle apparently contradicted the express provision of the ordinance in the declaration which reads as follows:

> That said real estate is no longer necessary, appropriate, required for the use of, profitable to, or for the best interest of the City.

■■■■■ The plaintiffs urge that a writ of mandamus should issue directing the defendants to accept the highest bid made and to execute and deliver a deed to the property. This contention appears contrary to the intent of the Legislature in Sec 11–76–2 wherein it is expressly provided that by a majority vote corporate authorities may reject any and all bids. It appears that the Legislature provided a procedure to offer real estate for sale and left to the municipality the discretion to accept or reject a bid. The bid of the State Bank was an offer to purchase and an offer to purchase, to become a contract, requires acceptance. The record fails to disclose any acceptance by the City and for this reason the plaintiffs are not entitled to the writ of mandamus prayed for. A writ of

mandamus will not issue to compel the exercise of a discretionary power in a particular manner. People ex rel. Ammann v. Dipper, 392 Ill 38, 63 NE2d 870; People ex rel. Town Court of Cicero v. Harrington, 21 Ill2d 224, 171 NE2d 647.

We find the trial court was in error in dismissing the amended complaint and reverse and remand this cause with directions to proceed in accordance with the views expressed in this opinion.

Reversed and remanded with directions.

CARROLL and MORAN, JJ., concur.