STEPHEN C. FEREGA, Plaintiff-Appellant, *v.* STATE FARM MUTUAL AUTO-MOBILE INSURANCE COMPANY, Defendant-Appellee.

(No. 72-308;

Fifth District—October 31, 1973.

G. MORAN, J., dissenting.

Gillespie, Burke & Gillespie, P. C., of Springfield, for appellant.

R. G. Heckenkamp, of Heckenkamp and Fuiten, of Springfield, for appellee.

Mr. JUSTICE JONES delivered the opinion of the court:

Plaintiff filed an action for declaratory judgment against plaintiff's insurance company alleging that the plaintiff was riding north on a road and an unidentified vehicle was being driven south; that light beams from the headlights from the oncoming unidentified vehicle made physical contact with the plaintiff's vehicle, and that plaintiff thereupon turned his vehicle to the right to avoid a head-on collision. Plaintiffs vehicle struck and made physical contact with a roadside culvert on the east side of the roadway, causing injuries to plaintiff and his spouse.

The defendant company denied liability based upon section 3 of the Uninsured Motorists vehicle coverage provided under their policy, which agrees to "pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured motor vehicle." The definition of uninsured motor vehicle includes, among other things, a hit and run motor vehicle, as defined—"a land motor vehicle which causes bodily injury to an insured arising out of physical contact of such vehicle with the insured * * *." By reason of absence of physical contact, the company claimed no benefits were payable. Among other things, it was stipulated that the plaintiff would testify "I do not remember his car striking my car or sideswiping it; there was to the best of my knowledge and recollection no physical impact by the parts of the automobile, but the headlight beams as such certainly contacted my eyes, my car, my entire vehicle." The trial court denied plaintiff's claim and plaintiff appeals, alleging that under the law and the trend of the law, liability should be found and that there was "constructive" physical contact between the insured vehicle and the hit and run vehicle.

■■ If the language of the policy is clear and unambiguous, the plain ordinary and popular sense of meaning applies, and the contract made

between the parties will be enforced. (*Zitnik v. Burik*, 395 Ill. 182, 69 N.E.2d 888.) It appears here that the plain ordinary meaning of the language requiring "physical contact" means "physical contact." We cannot accept the proposition that shining automobile lights on another vehicle can be considered physical contact.

The chief argument of the plaintiff is that the policy of the law is moving in the direction of eliminating identification of the hit and run vehicle and if there is no fraud on the part of the party making the claim, that a claim should be allowed regardless of physical contact or other considerations if the hit and run vehicle is unidentified. We are invited to join with the plaintiff's judgment of the trend or policy of the law. There have been many cases considering various aspects of uninsured motorists' claims. Many of these decisions have allowed liability holding, in the most usual posture, that when the company has attempted to frustrate the legislative purpose by making too restrictive provisions in its policy to meet the legislative requirements, that those provisions will not be given effect. Plaintiff's points and authorities do not present such an argument. The point was considered and decided unfavorably to this argument in *Prosk v. Allstate Insurance Co.*, 82 Ill.App.2d 457, 226 N.E.2d 498.

In essence, plaintiff's contention is that the policy of the law is moving in the direction that an innocent motorist with uninsured motorists' coverage who is injured on the highway should be permitted to recover against his insurance company.

■■ We are unaware of the existence of any such policy. Reasonable men might disagree about the trend which the law has taken and where it will end if it ends anywhere. Whatever the trend in the law may be, in our judgment, no such trend has appeared in any Illinois statute or judicial policy. The use of the words "hit and run vehicle" by the legislature seems to indicate a policy having to do with "hitting," which is spelled out as a physical impact. The legislature has not seen fit to include the "phantom automobile" as one presumably uninsured and thus included in the Act providing for uninsured motorist coverage. Absent such legislation, the courts should not assume the "phantom automobile" to be uninsured.

Besides, the courts have not traditionally been willing, nor do they consider themselves constitutionally free, to reform contracts to agree with the policy of the law which they may consider desirable.

The willingness of our Supreme Court to extend or create new forms of tort liability have always been accompanied with statements that in tort law, maintenance of the rule of *stare decisis* is not so significant. The rules and policies are to the contrary, however, in contract law. To be

sure, courts have lent a willing ear to equivocal language, construed policies against the drafter and the issuer, found and pointed out inconsistencies and contradictions. All these positions are well within the high regard courts have always given to considerations of non-impairment of the obligation of contracts.

The constructive contact argument is an interesting one. It goes like this; the injured party is innocent and he is not making a fraudulent claim. Such a party deserves to recover. Since the contract requires contact, the court should construe contact out of innocence or lack of fraudulent purpose. It had made similar constructions before, it is argued, where the parties were innocent such as constructive notice, constructive possessions, constructive trusts, constructive frauds, and a constructive process by publication which, it is said, construes non-residents to be residents.

Without parsing the matter, it seems sufficient to say that in each instance which the court has seen fit to construe conduct, status, or a state of affairs to constitute something which it is not, it has occurred because of peculiar qualities of the conduct, status, or incident. In some instances, based on the fault or wrong of a party, certain considerations were construed by the court against him. In the particular instance involved, the liability to be fixed is against the insurance company pursuant to a contract. We are unable to perceive any condition of fault or blameworthiness about an insurer. While insurers are not favorites of the law, they are legitimate businesses. There is, therefore, no moving considerations which persuade us to find against the insurer that non-contact should be considered to be constructive physical contact.

Judgment affirmed.

EBERSPACHER, P. J., concurs.

Mr. JUSTICE GEORGE J. MORAN dissenting:

The plaintiff, Stephen Ferega, was insured by the defendant, State Farm Mutual Automobile Insurance Company, under a policy of automobile liability insurance which included uninsured motorist coverage as required by Section 143(a) of the Insurance Code of 1937. (Ill. Rev. Stat. 1969, ch. 73, par. 755(a).) In an attempt to avoid an oncoming vehicle in his lane of travel, the plaintiff turned his vehicle to the right and struck a culvert. His wife was injured in the accident and later died of those injuries. The vehicle that ran him off the road was never apprehended or identified. Defendant refused to pay plaintiff's claim for uninsured motorist coverage because there was no actual physical contact between plaintiff's vehicle and the unidentified vehicle as required

by Section III of the insurance policy. The pertinent provisions of Section III read as follows:

"SECTION III. UNINSURED MOTOR VEHICLE COVERAGE

To pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured motor vehicle * * *

Uninsured Motor Vehicle—means: (2) a hit-and-run motor vehicle as defined;

Hit-And-Run Motor Vehicle—means a land motor vehicle which causes bodily injury to an insured arising out of physical contact of such vehicle with the insured or with a vehicle which the insured occupying at the time of the accident * * *."

The issue now before this court is whether this contractual provision which requires actual physical contact is compatible with section 143(a) of the Insurance Code of 1937. Unlike similar statutory provisions in California, Georgia, Mississippi, New York and South Carolina, the Illinois Insurance Code has never statutorily defined a "hit-and-run" vehicle as one that necessarily makes physical contact with the insured vehicle.[1] *Prosk v. Allstate Insurance Co.*, 82 Ill.App.2d 457, 226 N.E.2d 498, held that an automobile insurance policy that contractually required physical contact between the insured and the so-called "hit-and-run" vehicle was not repugnant to the Illinois Insurance Code. The present case confronts the same issue, i.e., is the policy requirement of actual physical contact repugnant to the purpose of the Uninsured Motorist Law, section 143(a) of the Insurance Code of 1937?

The term "hit-and-run", as used in statutes extending uninsured motorist coverage to those insured by automobile liability insurance policies, has been the subject of litigation in many states and the topic of discussion in many law review articles. There are cases in other states which, like *Prosk*, hold that "hit-and-run" vehicles are those that meet two conditions: (1) the operator and/or owner must be unknown and unascertainable, and (2) actual physical contact must have been made between the insured and the "hit-and-run" vehicle. (*E.g., Lawrence v. Beneficial Fire & Cas. Ins. Co.*, 8 Ariz. App. 155, 444 P.2d 446; *Hendricks v. U.S. Fidelity & Guaranty Co.*, 5 N.C.App. 181, 167 S.E.2d 876.) Nevertheless, the overwhelming consensus of legal scholars is that a legitimate claim, substantiated by adequate proof, should be allowed

[1] Calif. Ins. Code. Sec. 11580.2 (West Supp. 1967).
Ga. Code Ann., Sec. 56—407.1 (Supp. 1967).
Miss. Code Ann. Sec. 8285—53 (Supp. 1966).
N.Y. Ins. Code Ann. Sec. 617 (McKinney Supp. 1968).
S. C. Code Ann. Sec. 46—750.34 (Supp. 1967).

notwithstanding the policy provision requiring actual physical contact; to deny a legitimate claim on the grounds that there was no actual physical contact leads to an absurd result.[2]

A narrow interpretation of the statutory term "hit-and-run", whereby unidentifiability and physical contact are necessary conditions, does not reflect the spirit and purpose of the law in Illinois. Section 143(a) of the Insurance Code was enacted to protect people who are bodily harmed by financially irresponsible drivers who cause accidents. Clearly, the legislature identified these financially irresponsible drivers as not only those who as a matter of fact carry no insurance and do not meet the financial responsibility standard, but also those who cause accidents and are for practical purposes uninsured and financially irresponsible because their identity is unknown.

Must the plaintiff prove actual "physical contact" between his car and the unidentified vehicle to collect insurance under the uninsured motorist clause mandatorily included in his policy by section 143(a) of the Insurance Code? To so hold is illogical. The scope of section 143(a) is restricted to imposing a burden on automobile insurance companies to protect their insured against financially irresponsible tortfeasors; it was not intended to limit the insured's evidentiary ability to show that an unidentified motorist caused the accident. If competent evidence shows that an insured was injured by an unidentified vehicle, though no physical contact was made, recovery should be allowed just as it would be if physical contact was made. (*Stout v. Taylor*, 168 Ill.App. 410.) Physical contact relates to causation and may be sufficient to prove causation in many cases. But to rigidly hold that the language of section 143(a) makes physical contact necessary to prove causation makes no sense. There is nothing magical about actual physical contact in the law of torts. Causation of injury has been widely discussed by legal scholars. See Becht and Miller, *The Test of Factual Causation in Negligence and Strict Liability Cases*. The legislature intended to require insurance companies to extend coverage for bodily injuries factually caused by financially irresponsible motorists, and not to extend coverage for injuries factually caused by actual physical contact only.

The *Prosk* opinion holds that the expression "hit-and-run" in section 143(a) clearly requires a "hitting", *i.e.*, physical contact. Although lexicographers would concur with the *Prosk* opinion, the laws of statutory

---

[2] *E.g.*, 13 Hastings L. J. 194, 198 (1961).
42 Tulane L. Rev. 352, 365 (1968).
20 S. C. L. Rev. 790 (1968).
24 Ohio State Law Journal 589, 602 (1963).
Prof. Alan I. Widiss, *A Guide to Uninsured Motorist Coverage*, W. H. Anderson Co. 1970 (p. 82).

construction in Illinois lead to a different conclusion. (Ill. Rev. Stat., ch. 131, pars. 1,1.01.) To literally construe the expression "hit-and-run" out of its statutory context frustrates the purpose of section 143(a) and leaves many people without the insurance protection the legislature intended the insurance companies to provide. The conceptual link of "hit-and-run" to "uninsured" vehicles is financial irresponsibility for the damages caused. It is not reasonable to conclude the legislature used the expression "hit-and-run" in this paragraph of the Insurance Code to limit an injured party's insurance protection when the clearly stated purpose of this paragraph was to expand an injured party's insurance protection. The meaning of "hit-and-run" must be derived from the entire context of the statute where it is found. *Nupnau v. Hink*, 53 Ill.App.2d 81, 203 N.E.2d 63, reversed on other grounds 33 Ill.2d 285, 211 N.E.2d 379; *Templeman v. City of Rochelle*, 52 Ill.App.2d 201, 201 N.E.2d 862; *Lincoln Nat. Life Ins. Co. v. McCarthy*, 10 Ill.2d 489, 140 N.E.2d 687; *Droste v. Kerner*, 34 Ill.2d 495, 217 N.E.2d 73, *appeal dismissed and cert. denied*, 385 U.S. 456, 17 L.Ed.2d 509, 87 S.Ct. 612.

In conclusion, the contractual provision contained in the insurance policy is repugnant to the intent of the legislature, violates the spirit of the law and is against public policy insofar as physical contact is a necessary condition to recovery under Section III of the policy. The argument that insurance companies need the physical contact requirement to protect themselves against fraudulent claims is without merit; insurors can adequately protect themselves again fraudulent claims by traditional procedural safeguards, *e.g.*, cross-examination and impeachment of evidence.

I would recommend remandment to the trial court to decide whether plaintiff's injuries were factually caused by the unidentified driver of the other vehicle. The trial court in conformity with the rationale of this opinion should impose no special evidentiary limitations on the plaintiff that would unfairly cripple the plaintiff's efforts to prove that an unidentified vehicle, *i.e.*, a hit-and-run vehicle, caused the accident and resultant injuries.