JAMES J. FINCH, Plaintiff-Appellant, *v.* THE CENTRAL NATIONAL INSURANCE GROUP OF OMAHA, Defendant-Appellee.

(No. 73-175;

Third District—March 8, 1974.

Peter H. Lousberg, of Rock Island, for appellant.

Peter Fieweger, of Rock Island, for appellee.

Mr. PRESIDING JUSTICE SCOTT delivered the opinion of the court:

James J. Finch, plaintiff, brought an action for declaratory judgment to construe certain terms of an uninsured-motorist insurance clause. This

appeal stems from the trial court's dismissal of the plaintiff's complaint for failure to state a cause of action.

The plaintiff, while eastbound on his motorcycle in the city of Moline, was struck and injured by a westbound automobile driven by one Guadalupe Narvaez, when Narvaez's automobile crossed the center line into plaintiff's lane of travel after being forced to do so by the negligent conduct of the unidentified driver of an unidentified motor vehicle which did not collide with any automobile. The unidentified vehicle left the scene of the accident.

The issue presented to this court for review is whether the requirement in the policy issued by the defendant, The Central National Insurance Group of Omaha, that there must be physical contact between an unidentified motor vehicle and plaintiff or the motor vehicle occupied by plaintiff in order for there to be hit-and-run coverage, is in conflict with the Illinois Uninsured Motorist Act or public policy in Illinois.

■■ This precise issue was presented in the case of *Prosk v. Allstate Insurance Co.*, 82 Ill.App.2d 457, 226 N.E.2d 498. *In Prosk* the reviewing court held that uninsured or hit-and-run motor vehicle coverage required in policy by statute does not include unidentified automobiles which may be present at scene of occurrence of bodily injury but which do not come into physical contact with the insured or automobile occupied by insured. The court further held that there is no conflict between the statutory term "hit-and-run motor vehicle" and the policy requirement of "physical contact of such automobile."

We note that the rules enunciated in *Prosk* were followed in the recent case of *Ferega v. State Farm Mutual Automobile Insurance Co.*, 15 Ill. App.3d 246, 303 N.E.2d 459.

For the reasons set forth the judgment of the circuit court of Rock Island County should be affirmed.

Affirmed.

DIXON and STOUDER, JJ., concur.