**Judith KENNEDY, Plaintiff-Appellant,**

**v.**

**Arthur FALK et al., Defendants-Appellees.**

**No. 11552.**

United States Court of Appeals Seventh Circuit.

Feb. 23, 1956.

Vincent J. Biskupic, Chicago, Ill., for appellant.

Marvin F. Metge, George Hamilton Bunge, Chicago, Ill., Edward Holmberg, Jr., Waukegan, Ill., for appellees.

Before FINNEGAN, SWAIM and SCHNACKENBERG, Circuit Judges.

FINNEGAN, Circuit Judge.

Anna Strand died testate January 16, 1955, at Waukegan, Illinois. Surviving her are Judith Kennedy, her niece and plaintiff here, and plaintiff's brothers

---

(each of whom are Illinois residents) Roland Lundberg and Kenneth Lundberg. If the will is annulled plaintiff and the Lundbergs would take the Strand estate as heirs at law.

On February 10, 1955, the Strand will was admitted to probate in the Probate Court of Lake County, Illinois and letters testamentary were, on that same date, issued to Arthur Falk as executor. No appeal was perfected from the order admitting the will to probate.

Judith Kennedy, a resident of the State of New Jersey, commenced a proceeding below asking that " * * * the instrument purporting to be and admitted to probate as the last will of Anna Strand, Deceased * * * be set aside and declared not to be the last will of Anna Strand * * * and that the probate thereof be set aside," on the grounds that the testatrix was of unsound mind. This District Court proceeding, commenced April 7, 1955, named as defendants: Anna Falk, Florence Anthony, Walter Johnson, Lena Johnson, Betty Johnson, Anna Strand, Reverend Ralph Peterson, Roland Lundberg, Kenneth Lundberg, Trinity Evangelical Lutheran Church, and North Shore Garden of Memories.

Plaintiff and her brother Roland Lundberg received nothing by the terms of this will; Kenneth Lundberg was bequeathed $500.

The motion of defendants Anna and Arthur Falk, Reverend Ralph Peterson and The Trinity Evangelical Lutheran Church to dismiss Kennedy's complaint for want of jurisdiction was sustained by the district judge because after aligning Roland and Kenneth Lundberg with plaintiff, the requisite diversity of citizenship was wanting. After plaintiff appealed from the order entered June 24, 1955, these same defendants who made the successful motion to dismiss in the district court, then moved to dismiss this appeal on the grounds of comity. From their motion, and supporting documents, it appears that on November 8, 1955, Roland Lundberg commenced an action in the Circuit Court of Lake County, Illinois, praying for the same relief sought in United States District Court by Judith Kennedy, who was made a party defendant (in the Lake County case) along with the same defendants she had sued. We refused to dismiss this appeal "without prejudice to renewal * * * (of defendants' motion) at the time of the oral argument." Their motion was renewed when oral arguments were subsequently had before this court. In other words, now Roland Lundberg has actually aligned himself with plaintiff, though in a state court.

■ At the outset it must be remembered that as we earlier stated in Strachan v. Nisbet, 7 Cir., 1953, 202 F.2d 216, 219: "The rule is well established by the (Illinois) Supreme Court that the contest of a will is strictly a statutory and not an ordinary proceeding in Chancery. The cause is tried upon an issue at law whether or not the instrument produced is the will of the testator * * (citing)" accordingly that would be the sole question for disposition in the district court if it possessed the requisite jurisdiction. But we think the Lundbergs were indispensable parties, City of Indianapolis v. Chase National Bank, 1941, 314 U.S. 63, 62 S.Ct. 15, 86 L.Ed. 47; Strachan v. Nisbet, supra; Metropolis Theatre Co. v. Barkhausen, 7 Cir., 1948, 170 F.2d 481.

■ We find no reversible error in this record, though by looking "beyond the pleadings and arrang(ing) the parties according to their sides in the dispute" pending below, the district court defeated its jurisdiction. City of Dawson v. Columbia Ave. Savings Fund, Safe Deposit Title & Trust Co., 1905, 197 U.S. 178, 25 S.Ct. 420, 49 L.Ed. 713.

■ Roland Lundberg's late action in the Lake County Circuit Court is unpersuasive on the comity question, and we deny defendants' motion to dismiss this appeal, but affirm the judgment brought here for review for want of federal jurisdiction.

Judgment affirmed.