(No. 12220.—Reversed and remanded.)
MARY KELLY, Appellant, *vs.* JAMES THOMAS KELLY *et al.* Appellees.

*Opinion filed October 21, 1918.*

1. WILLS—*what is not a proper issue in proceeding to contest will.* A bill to contest a will is a statutory proceeding in which the jurisdiction of the court is limited to the question of the validity of the will, and allegations of the bill relating to the real estate and its ownership are immaterial and issue cannot be joined thereon.

2. SAME—*what finding in former decree is not res judicata of validity of will.* A finding in a decree that a certain person died testate, even though proper under proof showing that her will had been probated, is not *res judicata* of the validity of the will in a subsequent proceeding to contest the same.

3. PRACTICE—*failure to file replication to answer is not ground for dismissing bill.* Failure to file a formal replication within four days after notice of answer filed is not ground for dismissing the bill, where the defendant, after filing the answer, took no further steps in the case until after the replication was filed.

APPEAL from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding.

F. J. KARASEK, (C. W. GREENFIELD, of counsel,) for appellant.

QUIN O'BRIEN, for appellees.

Mr. JUSTICE COOKE delivered the opinion of the court:

Mary Kelly, the appellant, filed her bill in the circuit court of Cook county to contest the last will and testament of Jane Kelly, deceased, alleging that the testatrix was not of sound mind and memory at the time she executed the instrument. Jane Kelly was the mother of appellant. The bill set forth a copy of the alleged will, which contained a recital that appellant had taken, and still held in her name, title to certain real estate belonging to the testatrix in the city of Chicago, which she took and held in trust for the

testatrix, and that out of the proceeds of that property appellant had purchased certain other property in the city of Chicago; that appellant had agreed to convey all of her interest in both pieces of real estate to the testatrix in consideration of notes for $4000 payable to the order of appellant, with interest at the rate of five per cent per annum, secured by a mortgage on the real estate on which the testatrix resided, due five years from date, which notes were to be in full payment and satisfaction of all claims of appellant against the testatrix or her estate; that appellant had never executed such conveyance although often requested to do so, and "therefore it is my will, devise, bequest and direction that unless the said Mary Kelly execute and deliver to me said conveyance and consummates said agreement, or makes some other suitable settlement in writing satisfactory and acceptable to me during my lifetime, I direct, and it is my wish and intention, that she have no right or title to said notes for $4000 or to any portion of my estate whatsoever, and I hereby devise and bequeath to my son, the said James Thomas Kelly, his heirs and assigns forever, all of my real estate, and to an accounting to be had from the said Mary Kelly of all rents, issues and profits," etc. The bill then avers that the title to both pieces of property described in the will was acquired by appellant and paid for by her out of her earnings and savings and accumulations. The prayer is that the purported will and the probate thereof be set aside and declared null and void, and that the appellant have such other and further relief in the premises as equity might require. To certain portions of the bill the executor and the other children of Jane Kelly, appellees here, filed a plea in bar and to the remainder an answer. The plea alleges that on October 2, 1915, which was prior to the filing of this bill, James T. Kelly, John Kelly and Nellie Murray, being the other children of Jane Kelly, filed their bill in the superior court of Cook county charging that appellant and Jennie O'Brien had fraudulently

conspired to deprive Jane Kelly, the deceased, of her property and estate, and further charging that appellant held certain real estate in trust for the use and benefit of Jane Kelly, and praying for relief against appellant and the other defendants "in the same matters and with the same effect as the complainant now prays by her said present bill," and that after the hearing a final decree was entered, which was set out *in hæc verba* in the plea. The answer denies the averments of the bill with reference to lack of testamentary capacity of the testatrix and also with reference to the ownership of the real estate described in the bill. The plea was set down for hearing and allowed, and the bill of complaint was dismissed for want of equity.

The bill to contest a will is a statutory proceeding, and the jurisdiction of a court of chancery in such a proceeding is limited by the statute. (*Chicago Title and Trust Co.* v. *Brown,* 183 Ill. 42; *Kemmerer* v. *Kemmerer,* 233 id. 327.) The only ground upon which it is claimed that the former suit was *res judicata* of the matters alleged in the bill to contest the will was that in the former suit the court found by its decree that Jane Kelly died testate. At the time that decree was entered the will had been admitted to probate, and it was a proper finding in the decree. That finding, however, did not establish the validity of the will of Jane Kelly. That could only be established when attacked in a suit to contest the will. This bill contained all the necessary averments of a bill to contest a will. The averments in regard to the real estate therein described and of its ownership were immaterial for the purpose of this bill and no issue could be joined on them. The court erred in allowing the plea and dismissing the bill for want of equity.

One of the grounds for dismissing the bill set out in the motion under which the plea was set for hearing and allowed was the failure of appellant to file a replication to the answer within four days after notice of answer filed had been served on her attorney. Appellees filed their an-

swer May 25, 1917, and notice of the filing of the answer was served on appellant's attorney May 29, 1917. No further step was taken in the case until March 19, 1918, when appellant filed the usual formal replication to the answer. On March 25, 1918, appellees moved the court to dismiss the bill for want of equity and for failure to file replication within four days after May 29, 1917. The Chancery act provides that replication shall be filed in four days after the complainant or his attorney shall be served with notice of answer filed. Failure to file a replication is not ground for dismissing the bill, and complainant is not precluded from filing his replication after the expiration of the four days, with leave of court. A formal replication is the most formal of all pleadings, and where, as in such a case as this, before the defendant has taken any further steps in the case, the complainant should ask for leave to file a formal replication it would be an abuse of discretion for the court to refuse leave.

The decree of the circuit court is reversed and the cause remanded, with directions to overrule the plea.

*Reversed and remanded, with directions.*