## STRACHAN v. NISBET.

No. 10699.

United States Court of Appeals
Seventh Circuit.

Feb. 10, 1953.

Rehearing Denied March 23, 1953.

J. Edward Jones, Chicago, Ill., for appellant.

Donald Hamilton, G. J. Devanna and Edwin Hamilton, Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

FINNEGAN, Circuit Judge.

This appeal is from a judgment entered by the District Court on June 16, 1952, dismissing plaintiff's suit to set aside a will and for other relief, for want of jurisdiction. Diversity of citizenship is claimed. On November 30, 1951, plaintiff, a citizen of Michigan, filed his complaint in the District Court against defendant, a citizen of Illinois, in her individual capacity and as executrix of the Estate of George M. Strachan, deceased, (1) to set aside the will of George M. Strachan; (2) to set aside a document purporting to be his last will, which was not probated; (3) to set aside certain contracts and changes of beneficiaries of insurance policies and pension funds; and (4) for an accounting between plaintiff and defendant individually, alleging all of said documents were executed by decedent through fraud and undue influence on the part of defendant.

Plaintiff further alleged that George M. Strachan died on January 11, 1951, leaving plaintiff and nineteen other heirs, naming them, seventeen of them citizens and residents of Michigan, one of Ohio and one of California, as his only heirs at law; that the will of said Strachan was admitted to probate in the Probate Court of Cook County, Illinois, on April 6, 1951; and that defendant was named executrix. In his original complaint filed within the nine month period, provided in the Illinois Probate Act of 1939, within which to file a bill to contest a will, plaintiff failed to mention any jurisdictional amount involved, as required by sec. 1332 of Title 28 U.S.C.A. None of the other heirs at law were made parties to the suit.

Defendant filed a motion to strike and dismiss the complaint because no jurisdictional amount was shown therein, and also for failure to make the other nineteen heirs parties to the suit, as required by sec. 91, art. 7, chap. 3, § 243, of Ill.Rev.Stat., 1951 ed. On April 4, 1952, while the motion to dismiss the original complaint was pending, and more than nine months after the will in question was admitted to probate, plaintiff filed his first amended complaint wherein he alleged that the other heirs at law were not willing to join as plaintiffs and that he was filing the first amended complaint on behalf of himself and the other heirs as a class, and that the amount in controversy was in excess of $3,000. The remaining allegations of the amended complaint were substantially the same as those in the original complaint.

In his first amended complaint, plaintiff alleges that "he sues herein for himself individually and as an heir of the said George M. Strachan and on behalf of and as the duly authorized representative of all the heirs of the said George M. Strachan, deceased, and the cause of action herein set forth grew out of the same transaction or occurrence set forth or attempted to be set forth in the original complaint filed in this case. That the plaintiff herein and in the original complaint filed herein, sued on behalf of all the heirs of George M. Strachan on their expressed preference that he sue on their behalf rather than that they join as plaintiffs in the suit and because of the impossibility of bringing heirs not willing to join into the case by process."

Defendant filed a motion to dismiss the first amended complaint for want of jurisdiction, setting forth, among other grounds for the motion, the following:

(1) "That plaintiff's complaint is a suit brought under the statutes of the State of Illinois, giving heirs the right to contest the will of a testator within nine months from its admission to probate; that plaintiff had sought to make the other heirs parties plaintiff by representation after the nine month statutory period when their right to file suit on their own behalf is lost, thereby seeking to circumvent the statutory prohibition on behalf of said heirs.

(2) "That the court is without jurisdiction under the statute of Illinois to entertain an action by the heirs of George M. Strachan sought to be made parties plaintiff by representation for the reason that said first amended complaint shows on its face that the action on behalf of said heirs is brought more than nine months after the will of George M. Strachan was admitted to probate.

(3) "That plaintiff, Stanley Strachan, cannot make the other heirs of George M. Strachan parties plaintiff by representation as a class in that said amended complaint shows on its face they are not in the same class nor are their rights identical with his; their right to contest the will of George M. Strachan having ceased on the expiration of the nine month period allowed by the statute; and in that they are limited in number and should have been made parties to the suit; and in that the statute under which the contest is brought, specifically provides that they be made actual parties to the suit; and in that a will contest is not an equity suit where the doctrine of representation by class is permissible.

(4) "That by his first amended complaint, plaintiff's action is in effect a new and different cause of action and comes after nine months from the date of the admission of the will to probate, therefore the court has no jurisdiction thereof."

While this motion was pending, plaintiff tendered to the court his second amended complaint wherein for the first time the other heirs sought to join as co-plaintiffs and plaintiff asked leave to file the second amended complaint. The allegations in the second amended complaint are substantially the same as in the original and first amended complaints, except for the allegation that the net value of the estate of the decedent was $9,000. Defendant moved to dismiss the tendered second amended complaint because the court lacked jurisdiction. Neither the second amended complaint nor the motion to dismiss were actually filed in court. They were submitted to the court and plaintiff announced that he intended to stand on his second amended complaint. On June 16, 1952, the court heard the motions of both parties, denied plaintiff's motion for leave to file his second amended complaint and dismissed the cause for want of jurisdiction. This appeal followed.

On August 19, 1952, the District Court ordered that plaintiff's second amended complaint and defendant's motion to strike and dismiss be included in the record.

■ In a suit filed in the District Court to contest a will on the grounds of diversity of citizenship, there must first be a compliance with sec. 1332, title 28 U.S. C.A. relating to diversity of citizenship and jurisdictional amount. After such compliance the District Court has the same jurisdiction under the state statute as does the state court in a similar action.

■ Under the doctrine of Erie R. R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, a federal court exercising jurisdiction over a case grounded on diversity of citizenship must apply the pertinent State law. That jurisdiction is a limited jurisdiction as provided by the state statute. A proceeding to set aside a will admitted to probate in Illinois at the time this suit was filed was governed by the Probate Act of 1939, art. 7, chap. 3, Ill.Rev.Stats., 1951 ed. Sec. 242(90) of said Act provides in part:

"Right to Contest. Time. * * *

"Within nine months after the admission to probate of a domestic or foreign will in the probate court of

any county of this State, any interested person may file a complaint in the circuit court of the county in which the will was admitted to probate to contest the validity of the will."

Section (91) provides:

"Parties to Suit.

"The executor under the will or administrator with the will annexed and all heirs, legatees, and devisees of the testator shall be made parties to the suit."

■ Sec. 90 is a limitation of a right provided by law and is not a statute of limitation. The Supreme Court of Illinois has so held in many cases. In O'Brien v. Bonfield, 220 Ill. 219–223, 77 N.E. 167, 168, in passing on the question the court said:

"We have held in a great many cases that this provision is not a statute of limitations, but is merely a grant of jurisdiction to the circuit court (Sinnet v. Bowman, 151 Ill. 146, 37 N.E. 885), and that the jurisdiction conferred can only be exercised in the mode and under the limitation prescribed in the statute, and that the time limited for the filing of the bill to contest a will is jurisdictional and must be strictly construed."

In Masin v. Bassford, 381 Ill. 569, 46 N.E. 2d 366, an action brought under sec. 90 of the Probate Act of 1939, the conservator of an insane person filed the suit after the nine month period provided by the statute. The court dismissed the action for want of jurisdiction. Plaintiff in that suit claimed the constitutional rights of his ward were violated when the legislature in passing the Probate Act of 1939 failed to provide to his insane ward the same rights which the statute of wills had theretofore provided; namely, the saving clause to infants and persons *non compos mentis,* of the nine month period after removal of their respective disabilities as contained in prior statutes. The court held that the right to contest the will was purely statutory and that the legislature had the power to condition the right or even take it away completely.

In O'Brien v. Bonfield, 220 Ill. 219–222, 77 N.E. 167, the court said:

"A court of equity has no inherent jurisdiction to entertain a bill for the contest of a will. Aside from statutory enactments this jurisdiction is entirely wanting. It therefore follows that any jurisdiction which it may have is by authority of the statute and must be construed in accordance with the terms therein employed."

And in Havill v. Havill, 332 Ill. 11–14, 163 N.E. 428, 429, we find the following statement by the court:

"The right to contest a will is not cognizable by a court of chancery in the exercise of its ordinary equitable jurisdiction. The right is purely statutory. Section 7 of the Statute of Wills created the right, which exists only by virtue of the statute, to be exercised only in the time prescribed and by the persons authorized by the statute."

The right to contest a will since 1939 is controlled by Probate Act of 1939, sec. 90, Ill.Rev.Stat.1951. Sec. 92 provides that an issue at law should be made whether or not the instrument produced is the will of the testator.

■ The rule is well established by the Supreme Court that the contest of a will is strictly a statutory and not an ordinary proceeding in Chancery. The cause is tried upon an issue at law whether or not the instrument produced is the will of the testator. Innis v. Mueller, 403 Ill. 11, 84 N.E.2d 837, and Wiik v. Hagen, Extrx., 410 Ill. 158, 101 N.E.2d 585.

■ Since a bill to contest a will is a statutory proceeding in which the jurisdiction of the court is limited to the question of the validity of the will, allegations of the bill relating to the ownership of other property are immaterial and issue cannot be joined thereon. Kelly v. Kelly, 285 Ill. 72, 120 N.E. 515. The Probate Act of 1939 follows that rule. Sec. 5 of the Act in part provides: "Matters not germane to the distinctive purpose of the proceeding shall not be introduced by joinder, counterclaim, or otherwise." Ill.Rev.Stat.1951, c. 3, § 155.

■ In his second amended complaint plaintiff sought to join the other nineteen

heirs as parties, after the statutory period for contesting the will had run against them by several months. It is firmly established by a long line of decisions in Illinois that the limitation of time within which to file a bill to contest a will applies to the right of action itself and that right exists subject to the time limitation, and ceases to exist unless exercised within the nine month period after the will is admitted to probate. On the question of joining parties as co-plaintiffs after the time limitation set out in the statute, the Illinois Supreme Court in McCreery v. Bartholf, 305 Ill. 325–326, 137 N.E. 242, 243, said:

"The sole question presented for decision is whether appellant, by his failure to act before the expiration of the statutory period to contest the will, lost his right to conduct the contest in his own name."

Holding that after the statutory period the right to contest a will ceased to exist, the court continued:

"The fact that Louis McCreery filed his bill and made the appellant a party defendant did not prevent the appellant from filing a bill in his own behalf. Furthermore * * * appellant had the right, with the consent of the original complainant, to have the bill amended so as to make him a cocomplainant within the statutory period of one year. Fifty days intervened between the filing of the bill and the expiration of this period, but no action whatever was taken by appellant. After the expiration of the period within which a bill to contest a will could be filed, the circuit court properly denied the motion of appellant to be made a party complainant."

Plaintiff relies on the case of Stephens v. Collison, 249 Ill. 225, 94 N.E. 664. That action was governed by sec. 7 of the Wills Act. The Wills Act made no provision as to who should be made defendants as does the Probate Act of 1939. The Stephens case is not in point.

■■ The Probate Act of 1939, sec. 91, requires that all heirs, etc., be made parties to the suit. In a suit to contest a will where that section has not been complied with, the District Court lacked jurisdiction to entertain the complaint. Time and again the Supreme Court of Illinois has passed upon the power of courts in will contests. It has uniformly held that the jurisdiction granted under the statute must be exercised in the mode and manner therein prescribed. O'Brien v. Bonfield, 220 Ill. 219, 77 N.E. 167; Masin v. Bassford, 381 Ill. 569, 46 N.E.2d 366.

■ Under the 1939 Probate Act, jurisdiction of the court attaches when the bill is filed within nine months after the will has been admitted to probate and the persons named in sec. 91 have been made or become parties to the suit within that time limit.

■ In his original complaint, plaintiff failed to allege the required jurisdictional amount under sec. 1332, title 28 U.S.C.A., and he failed to make the other nineteen heirs parties to the suit as required by sec. 91 of the Illinois Probate Act of 1939.

In his first amended complaint, filed April 4, 1952, being two days short of a year after the date the will was admitted to probate, he sought to make the other nineteen heirs parties to the suit by representing them as a class. More than thirteen months after the will was admitted to probate the other nineteen heirs attempted to join the suit as co-plaintiffs, in the second amended complaint tendered to the court.

It is apparent from the face of the first amended complaint that the right to contest the will in question was lost to the nineteen heirs at law not made parties or not joining as parties during the nine month period mentioned in the state statute.

■ The Supreme Court of Illinois has held that the right to contest a will is purely statutory. The statute designates persons to be made parties to the contest; it fixes the time within which the suit must be filed. The statute is to be strictly construed.

Plaintiff cites many cases not in point, and many from other jurisdictions with which we need not concern ourselves as the law of Illinois is very plain, definite and settled.

The District Court had no jurisdiction of this suit and its judgment is

Affirmed.