(No. 34578.—

CLAUDE A. FLESHNER *et al.*, Appellants, *vs.* ANNA MAY COPELAND *et al.*, Appellees.

*Opinion filed January 24, 1958.*

KENNETH A. GREEN, of Mattoon, for appellants.

TOM E. GRACE, DILSAVER & GILKERSON, and CRAIG & CRAIG, all of Mattoon, for appellees.

Mr. CHIEF JUSTICE DAVIS delivered the opinion of the court:

The circuit court of Coles County entered a final order, on motion of certain defendants, which dismissed the complaint to contest the validity of the will of Anna May Brewster. A freehold was involved and a direct appeal brought to this court.

The will was admitted to probate on October 27, 1955, and J. E. Reeser was appointed and qualified as executor. Plaintiffs filed the complaint on July 25, 1956, when a request for summons was filed, and summons issued.

All necessary parties defendant, over 20 in number, with the exception of J. E. Reeser, as executor, were listed in the caption of the complaint, the prefatory paragraph of which stated: "Now come the plaintiffs herein, * * * and complain of the above named defendants, and by way of complaint state: * * *" Paragraphs 5 and 6 of the complaint read:

"5. That J. E. Reeser, one of the Defendants herein, was named as Executor of the Estate of the said Anna May Brewster, and is still acting in said capacity.

"6. That said Anna May Brewster left these Plaintiffs among her surviving heirs, and that, with the exception of said J. E. Reeser, executor, all of the Defendants are heirs, devisees, and legatees of the said Anna May Brewster."

The request for summons was on a printed form, the caption of which listed the first named plaintiff and defendant, followed by the words, "et al." The summons bore the same entitlement as the complaint, and likewise omitted the name of J. E. Reeser, as executor.

On August 22, 1956, one of the defendants filed a motion to dismiss the complaint, alleging *inter alia* that the omission of the executor as a party defendant deprived the court of jurisdiction. J. E. Reeser was served with summons and a copy of the complaint on August 25, 1956, and

two days later plaintiffs filed a motion to amend the caption of the complaint and summons by adding the name of the executor. On September 22, 1956, J. E. Reeser filed a special appearance, and a motion to quash service of summons. These motions were heard together, and on March 25, 1957, the trial court granted the motion to dismiss, denied plaintiffs' motion to amend, and dismissed the complaint with prejudice. Thereafter, plaintiffs filed a motion to vacate this order, which was denied, and this appeal followed.

Plaintiffs contend, first, that J. E. Reeser, as executor, was made a party defendant by naming him in the body of the complaint, and, secondly, that the trial court erred in denying leave to amend. Defendants argue that J. E. Reeser, as executor, was not made a party as required by section 91 of the Probate Act, (Ill. Rev. Stat. 1955, chap. 3, par. 243,) and plaintiffs could not amend after the nine-month period for the filing of will contests had expired. Ill. Rev. Stat. 1955, chap. 3, par. 242.

Under the facts of this case, we conclude that plaintiffs properly invoked the jurisdiction of the trial court within the nine-month period prescribed by section 90 of the Probate Act above cited. While the executor was not named in the caption or the introductory paragraph, he was specifically named as defendant in the body of the complaint. Defendants, however, urge that the failure to name the executor in the conventional way in the introductory paragraph and caption of the complaint was a fatal defect divesting the trial court of its jurisdiction. With this we cannot agree. A proper complaint was filed within the statutory time which named the executor as defendant in paragraphs 5 and 6 thereof. The complaint disclosed a clear intention to make the executor a party defendant although it was unskillfully drawn or imperfectly drafted by inadvertence or clerical error. A cause of action was stated, and we see no compelling reason to deny plaintiffs

the right to amend. The decision in *Strachan* v. *Nisbet,* 202 F.2d 216, relied on by defendants, is not in point. It turned on issues of Federal jurisdiction not applicable here, and in addition, the plaintiff there deliberately avoided making 19 heirs parties to his original complaint and sought to include them as defendants in his amended complaint, months after the statutory period for contesting the will had elapsed.

Section 21(4) of the Civil Practice Act, (Ill. Rev. Stat. 1955, chap. 110, par. 21,) provides: "A party shall set forth in the body of his pleading the names of all parties for and against whom relief is sought thereby." The plaintiffs specifically named J. E. Reeser, as executor, in the body of the complaint, and by reference named the remaining defendants. Section 13(1) of the Civil Practice Act, (Ill. Rev. Stat. 1955, chap. 110, par. 13,) provides: "Every action, unless otherwise expressly provided by statute, shall be commenced by the filing of a complaint. The clerk shall issue summons upon request of the plaintiff. The form and substance of the summons, and of all other process, and the issuance of alias and pluries writs, and the service of copies of pleadings shall be according to rules."

It is provided in Supreme Court Rule 6(3), (Ill. Rev. Stat. 1955, chap. 110, par. 101.6,) that: "In cases in which there are 2 or more plaintiffs or 2 or more defendants, it is sufficient in entitling papers, except a summons, to name the first-named plaintiff and the first-named defendant with the usual indication of other parties, provided there be added the official number of the cause." In compliance with this rule, the request for summons was captioned "Claude A. Fleshner et al., plaintiffs, vs. Anna May Copeland et al., defendants," and bore the number of the cause and bid the clerk to issue summons directed to "said defendants." The plaintiffs should not be charged with omissions of the clerk in the preparation of summons.

The Civil Practice Act "shall be liberally construed, to the end that controversies may be speedily and finally determined according to the substantive rights of the parties," and "The rule that statutes in derogation of the common law must be strictly construed does not apply to this Act or to the rules made pursuant thereto." (Ill. Rev. Stat. 1955, chap. 110, par. 4.) Such construction requires that we hold that J. E. Reeser, as executor, was adequately, although defectively named defendant in the complaint as originally filed.

It is also provided in sections 46(1) and (2) of the Civil Practice Act, (Ill. Rev. Stat. 1955, chap. 110, par. 46,) that:

"(1) At any time before final judgment amendments may be allowed on just and reasonable terms, * * * in any matter, either of form or substance, in any process, pleading, bill of particulars or proceedings, which may enable the plaintiff to sustain the claim for which it was intended to be brought * * *."

"(2) The cause of action, * * * set up in any amended pleading shall not be barred by lapse of time under any statute * * * prescribing or limiting the time within which an action may be brought or right asserted, if the time prescribed or limited had not expired when the original pleading was filed, and if it shall appear from the original and amended pleadings that the cause of action asserted * * * in the amended pleading grew out of the same transaction or occurrence set up in the original pleading, * * * and for the purpose of preserving as aforesaid the cause of action, * * * set up in the amended pleading, and for that purpose only, an amendment to any pleading shall be held to relate back to the date of the filing of the original pleading so amended."

The legislature has sought to permit the relation back of amended pleadings based upon consideration of fairness to the litigants. (*Geneva Construction Co. v. Martin Trans-*

*fer and Storage Co.* 4 Ill.2d 273, 287.) The plaintiffs should be permitted to amend the caption of the complaint and summons by adding the name of J. E. Reeser, as executor. To hold otherwise would frustrate the act's liberal purpose and cause a substantial miscarriage of justice.

The proper purpose of pleading is not to erect barriers to prevent the trial of a case on the merits, but rather to remove them and to facilitate the specification of the real issues to be tried. To this end the legislature adopted the Civil Practice Act, (See Jenner and Tone, Pleading, Parties and Practice, 50 Northwestern Univ. L. Rev. 612; *Metropolitan Trust Co.* v. *Bowman Dairy Co.* 369 Ill. 222,) and we refuse to thwart this purpose through undue refinements of construction.

We have directed that the defendant in a personal injury action reveal the names of occurrence witnesses, and thereby recognized that the General Assembly adopted the Civil Practice Act "in response to prevailing dissatisfaction with procedural doctrines which had exalted the role of a trial as a battle of wits and subordinated its function as a means of ascertaining the truth." (*Krupp* v. *Chicago Transit Authority,* 8 Ill.2d 37, 41; *Hruby* v. *Chicago Transit Authority,* 11 Ill.2d 255.) In the spirit of liberal construction to the end that controversies may be speedily determined according to the substantive rights of the litigants, we required that the plaintiff in a personal injury suit submit to physical examination and adopted Rule 17—1 (11 Ill.2d) governing its procedure. (*People ex rel. Noren* v. *Dempsey,* 10 Ill.2d 288.) In conformance with this rationale, we ordered that answers be made to discovery interrogatories respecting the existence and amount of liability insurance. (*People ex rel. Terry* v. *Fisher,* 12 Ill.2d 231.) This philosophy of construction precludes the determination of the rights of parties litigant upon the technicalities of pleading when such rights may, within the letter and spirit of the act, be adjudicated on their merits.

78

The judgment of the trial court is accordingly reversed and the cause remanded with directions to proceed in accordance with the views expressed herein.

*Reversed and remanded, with directions.*