(No. 39110.—

ARTHUR NUPNAU *et al.,* Appellants, *vs.* HERMAN H. HINK, Exr., *et al.,* Appellees.

*Opinion filed Sept. 28, 1965.—Rehearing denied Nov. 18, 1965.*

UNDERWOOD and SOLFISBURG, JJ., dissenting.

Marshall Patner, of Chicago, (John Hudson, of counsel,) for appellants.

Schiff Hardin Waite Dorschel & Britton, of Chicago, (Robert S. Hunt and Robert J. Harmon, of counsel,) for appellees.

Mr. Chief Justice Klingbiel delivered the opinion of the court:

This suit to contest the will of Minna Rathje, deceased, was brought on January 17, 1962, in the superior court of Cook County, by certain beneficiaries under a prior will. The complaint was filed within the statutory nine-month period following probate, but the plaintiffs failed to include all the heirs as parties defendant. The question is whether jurisdiction ceased upon expiration of the nine months, for failure to name all necessary parties defendant within that time.

The record shows that after nine months had expired from the date the will was admitted to probate the defendants moved to dismiss for lack of jurisdiction. Plaintiffs filed a countermotion to amend so as to include the omitted heirs. The court denied the plaintiffs' motion and dismissed the suit. Plaintiffs appealed to the appellate court, which affirmed the order of dismissal. (*Nupnau* v. *Hink,* 53 Ill. App. 2d 81.) We thereafter granted them leave to appeal further to this court.

Section 90 of the Probate Act provides, insofar as relevant, that "Within nine months after the admission to probate of a domestic or foreign will in the probate court of any county of this State, any interested person may file a

complaint in the circuit court of the county in which the will was admitted to probate to contest the validity of the will." (Ill. Rev. Stat. 1961, chap. 3, par. 90.) Section 91 requires that "The executor under the will or administrator with the will annexed and all heirs, legatees, and devisees of the testator shall be made parties to the suit." (Ill. Rev. Stat. 1961, chap. 3, par. 91.) The question presented here was answered in substance by *Stephens* v. *Collision,* 249 Ill. 225, decided at a time when the statute prescribed a one-year period for will contests. A bill had been filed within the one-year period which made the heirs, devisees and legatees parties defendant. It failed to make the executors parties as such until more than one year had elapsed after the will was admitted to probate. In rejecting a contention that there was no jurisdiction to entertain the bill, the court pointed out that although the executors were necessary parties defendant the failure to include them did not mean that no suit was brought to contest the will. It was observed that "While the statute authorizing the contest of a will in chancery is not properly a limitation law but is a statute conferring jurisdiction, it goes further than merely conferring jurisdiction and prescribes the time within which the jurisdiction conferred must be invoked. If the jurisdiction conferred is invoked by filing the bill within the time limited the bill must be entertained, and the failure to make a necessary party a defendant to the bill within a year when other necessary parties are made defendants is not a failure to invoke the jurisdiction within a year." (249 Ill. at 236.)

A similar question was presented in *Fleshner* v. *Copeland,* 13 Ill.2d 72, where the executor, who was not named in the caption or introductory paragraph of the complaint, was sought to be added by amendment after the statutory nine-month period had expired. An order denying the motion and dismissing the complaint was reversed by this court. In holding that the omission was not fatal and that the plaintiffs had adequately invoked the jurisdiction of the

trial court within the nine-month period, we said that "A cause of action was stated, and we see no compelling reason to deny plaintiffs the right to amend."

In *Krunfus* v. *Winkelhake,* 44 Ill. App. 2d 124, the plaintiffs in a will contest failed to join as defendants certain contingent beneficiaries under the will, and after nine months had expired since probate the defendants moved for a summary judgment on the ground that necessary parties had not been joined. The circuit court denied a motion by plaintiffs to amend, and the suit was dismissed for lack of jurisdiction. The appellate court reversed, holding that the plaintiffs should be allowed to amend their complaint to bring in the omitted necessary parties.

We think a similar result should follow in the case at bar. The object of this kind of proceeding is not to secure a personal judgment against individual defendants but simply to set aside a will, and while it is necessary to make parties all persons having an interest therein this is not a condition precedent to the attaching of jurisdiction. By the express and unqualified words of the statute itself jurisdiction is invoked when a "complaint" is "filed" within the statutory period. The requirement of section 91, relating to parties, is separate and distinct and does not purport to add to the steps which section 90 says must be taken within nine months.

The decision of the Federal court in *Strachan* v. *Nisbet,* (7th cir. 1953) 202 F.2d 216, upon which defendants rely, was distinguished by this court in the *Fleshner* case, where we pointed out that "it turned on issues of Federal jurisdiction not applicable here * * *." It is unnecessary to distinguish it again in the case at bar. The Ohio decisions cited by defendants—namely, *Gravier* v. *Gluth,* 163 Ohio St. 232, 126 N.E.2d 332 and *Fletcher* v. *First National Bank of Zanesville,* 167 Ohio St. 211, 147 N.E.2d 621—are also inapplicable, since they were concerned with a statute differing in language from that in the case at bar. The Ohio stat-

ute requires that "An action to contest a will or codicil shall be brought" within the designated time, and a further section of the Ohio Code provides that an action is commenced, as to each defendant, at the date of the summons served on him. It is evident that decisions construing such provisions do not control where the statute, as in Illinois, requires merely that the contestant "file a complaint" within the designated time.

We conclude that the trial court erred in dismissing the suit and that the appellate court erred in affirming the dismissal. The plaintiffs should be permitted to amend so as to include all necessary parties. The judgment of the appellate court and the order of the circuit court are each reversed, and the cause is remanded to the circuit court of Cook County for further proceedings in accordance with the views expressed herein.

*Reversed and remanded.*

Mr. Justice UNDERWOOD, dissenting:

In my judgment, the majority have misinterpreted both the preceding case law and the legislative mandate set forth in sections 90 and 91 of the Probate Act. Today's decision, which extends indefinitely the time within which the validity of a will must be determined, conflicts directly with the legislatively determined policy favoring speedy settlement of decedent's affairs made apparent by sections 90 and 91.

*Stephens* v. *Collison,* 249 Ill. 225, heavily relied upon in the majority opinion, was decided before section 91 was enacted. I believe the case to be no longer persuasive, for section 7 of the Wills Act, upon which that decision was predicated, made no provision concerning necessary parties. Section 91 specifically enumerates the parties required to be joined in suits of this nature. That this distinction should be determinative has previously been announced in *Strachan* v. *Nisbet,* (7th cir.), 202 F.2d 216, 220, which character-

ized *Stephens* as not in point, and stated "The Probate Act of 1939, section 91, requires that all heirs, etc., be made parties to the suit. In a suit to contest a will where that section has not been complied with, the District Court lacked jurisdiction to entertain the complaint. Time and again the Supreme Court of Illinois has passed upon the power of courts in will contests. It has uniformly held that the jurisdiction granted under the statute must be exercised in the mode and manner therein prescribed." It seems to me clear that *Strachan* v. *Nisbet* regarded Illinois law as settled and as prohibiting joinder of statutorily required parties subsequent to the expiration of the nine-month period, but the majority opinion disregards this holding as turning "on issues of Federal jurisdiction not applicable here."

The majority find further justification for today's decision in *Fleshner* v. *Copeland,* 13 Ill.2d 72, but I do not read that case as authority for the result reached here. There the executor, through apparent inadvertence, was not named as such in the prefatory clauses of the complaint but was "adequately, although defectively named defendant in the [body of] the complaint as originally filed." (13 Ill.2d at p. 76.) The court there said (p. 74) : *"Under the facts of this case,* we conclude that plaintiffs properly invoked the jurisdiction of the trial court within the nine-month period prescribed by section 90 of the Probate Act above cited. While the executor was not named in the caption or the introductory paragraph, he was specifically named as defendant in the body of the complaint." (Emphasis supplied.) To me, the clear import of *Fleshner* is that, absent the naming of the· executor as a defendant in the body of the complaint, the motion to amend the caption of the complaint and summons to add him as a defendant after the nine-month period had elapsed would have been denied. I believe the court thus clearly intimated that the joinder of necessary parties within the time required was of a jurisdictional nature.

While the majority distinguish Ohio decisions reaching an opposite result on grounds of an "evident" statutory difference, I perceive no distinction of substance between the Ohio requisite that "an action * * * shall be brought" and our language requiring that the contestant "file a complaint".

For the foregoing reasons and for those appearing in the well-considered opinion of the appellate court herein (53 Ill. App. 2d 81), I believe the failure to join necessary parties defendant within the required time demands dismissal of the complaint. The judgments of the trial and appellate courts should be affirmed.

Mr. JUSTICE SOLFISBURG joins in this dissent.