117 Ill. App.3d 142 (1983)
453 N.E.2d 39
In re ESTATE OF NELLIE PEARL SPAITS, Deceased  (Flossie Kinsel et al., Petitioners-Appellants,
v.
Hazel Darlene LeFever, Respondent-Appellee (The First National Bank in Newton, Appellee)).
No. 82-405.
Illinois Appellate Court  Fifth District.
Opinion filed August 15, 1983.
*143 Baird, Latendresse, McCarthy & Rowden, of Decatur, for appellants.
Lawrence Eaton, of Eaton, Eaton & Tomaw, of Newton, for appellee Hazel Darlene LeFever.
Daniel E. Hartigan, of Leffler & Hartigan, of Newton, for appellee First National Bank in Newton, Illinois.
Order affirmed.
JUSTICE JONES delivered the opinion of the court:
The petitioners appeal from an order of the circuit court of Jasper County that denied their motion to file an amended petition to contest a will and granted the executor's motion to dismiss the petition to contest the will. The only issue on appeal is whether the failure to make the executor of an estate a party to a will contest proceeding prior to the expiration of the statutory six-month period in which an *144 action may be commenced to contest the admission of a will to probate, as provided by section 8-1 of the Probate Act of 1975 (Ill. Rev. Stat. 1981, ch. 110 1/2, par. 8-1), precludes making the executor a party to the proceeding.
The facts of this case are not in dispute. Nellie Pearl Spaits died testate on September 11, 1981. The will named her husband, Harold Spaits, as executor and further provided that if he should predecease her, the First National Bank of Newton, Illinois (Bank), should be appointed as the alternate executor. Harold Spaits had died on November 14, 1980. On September 29, 1981, a petition for probate of decedent's will and for letters testamentary was filed. On September 29, 1981, the court entered an order that admitted the will to probate and appointed the Bank as the executor.
On March 26, 1982, petitioners filed their petition to contest the will. The petition did not refer to the executor. On April 12, 1982, certificate of notice of service of the petition to contest decedent's will was filed. The Bank was not named in the notice or the certificate of service of notice. On May 11, 1982, the Bank filed a limited and special appearance for the purpose of objecting to the jurisdiction of the court over the executor in the will contest proceeding. On the same date the Bank filed a motion to dismiss the petition to contest the will on the basis that the Bank was not made a party to the will contest as required by section 8-2(a) of the Probate Act of 1975 (Ill. Rev. Stat. 1979, ch. 110 1/2, par. 8-2(a)).
On June 1, 1982, petitioners filed a motion for leave to file an amended petition to contest the will in which petitioners admitted that the original petition to contest the will did not identify the legal representative of the estate and further admitted that the legal representative was not mailed a notice of the petition to contest the will. The motion alleged, however, that a copy of the petition was personally served on counsel for the Bank on March 26, 1982. On June 3, 1982, the Bank filed an objection to petitioners' motion. On June 8, 1982, a hearing was held on the motion. On June 22, 1982, the court entered an order granting the motion to dismiss the petition to contest the will and denying contestants' motion for leave to file an amended petition to contest the will that included the executor as a party-defendant. Petitioners appeal from these orders.
Section 8-1(a) of the Probate Act of 1975 (Ill. Rev. Stat. 1981, ch. 110 1/2, par. 8-1(a)) provides, in pertinent part:
"Within 6 months after the admission to probate of a domestic will in accordance with the provisions of Section 6-4, or of a foreign will in accordance with the provisions of Article VII, *145 any interested person may file a petition in the proceeding for the administration of the testator's estate or, if no letters were issued, in the court in which the will was admitted to probate, to contest the validity of the will. The representative, if any, and all heirs and legatees of the testator must be made parties to the proceeding and the petition must state, if known, their names and post office addresses and whether any of them is a minor or disabled person."
If the appellants are to prevail, it must be on the basis of the cases of Nupnau v. Hink (1965), 33 Ill.2d 285, 211 N.E.2d 379, and In re Estate of Mears (1982), 110 Ill. App.3d 1133, 443 N.E.2d 289. Those cases hold that jurisdiction of the court in a will contest suit is invoked by the filing of the complaint within the statutory period, nine months in Nupnau and six months in Mears. "[W]hile it is necessary to make parties all persons having an interest therein," the court said in Nupnau, "this is not a condition precedent to the attaching of jurisdiction." (33 Ill.2d 285, 288.) But in holding that omitted necessary parties could be added as party-defendants after the expiration of the statutory period to begin a suit to contest the will, the court stated:
"The requirement of section 91, relating to parties, is separate and distinct and does not purport to add to the steps which section 90 says must be taken within nine months." 33 Ill.2d 285, 288, 211 N.E.2d 379, 381.
The court in Nupnau relied on Stephens v. Collison (1911), 249 Ill. 225, 94 N.E. 664, and Fleshner v. Copeland (1958), 13 Ill.2d 72, 147 N.E.2d 329. In Stephens the executor had not been named a party-defendant as such, but the person named as executor had been named a party-defendant in his individual capacity. In Fleshner the executor was named as a party-defendant in the body of the complaint but not in the caption or introductory paragraph.
Subsequent to the decision in the Nupnau case the supreme court decided Ruffing v. Glissendorf (1968), 41 Ill.2d 412, 243 N.E.2d 236. The stated issue was whether the nine-month, now six-month, period of limitation under section 90 of the Probate Act, now section 8-1(a), for filing a petition to contest the admission of a will to probate operated as a jurisdictional limitation or only as a statute of limitation. The issue was presented when the contestants did not file a petition to contest within nine months as required by section 90 but, instead, filed their petition under section 72 of the Civil Practice Act (Ill. Rev. Stat. 1965, ch. 110, par. 72). The court noted that since Luther v. Luther (1887), 122 Ill. 558, 13 N.E. 166, it had been held in many *146 cases that the time limitation of the statute (governing will contests) was not a statute of limitations but was a jurisdictional limitation. Accordingly, the time limitation was not tolled by fraudulent concealment of the cause of action. Petitioners conceded that that had been the law but argued that because of the adoption of the new Judicial Article of the Illinois Constitution, effective January 1, 1964, the rule of the Luther case had been changed. The petitioners reasoned that prior to the new Judicial Article the probate court had jurisdiction of all probate matters while the circuit court had original jurisdiction of all causes in law and equity. They concluded that because the probate court had been abolished as a separate judicial entity by the new Judicial Article and the circuit court now had unlimited original jurisdiction of all justiciable matters, the limitation period of section 90 was no longer a jurisdictional limitation but would now be a statute of limitation that would be tolled by fraud. The petitioners' argument was rejected, the court stating:
"The theory of the Luther case, which rejected the contention that the time limitation was an ordinary statute of limitations and held it to be a jurisdictional limitation, was as follows: a will contest as provided by the statute was unknown to the common law, and therefore jurisdiction to contest the validity of a will is derived exclusively from the statute and such jurisdiction can only be exercised in the mode and under the limitations prescribed by the statute[.] * * * Thus, the holding of Luther was not based on the fact that the probate court was a separate judicial entity with original jurisdiction in probate matters, and the abolition of that court as a separate entity and the grant of unlimited original jurisdiction of all justiciable matters to the circuit court have not ipso facto changed the consistent construction that has been given to section 90 and its predecessors." Ruffing v. Glissendorf (1968), 41 Ill.2d 412, 416-18, 243 N.E.2d 236, 238-39.
The Ruffing case establishes beyond doubt that the time limitation provided in the statute authorizing a will contest suit is jurisdictional. We can perceive no reason why the specifications as to parties made in the same statute could be regarded in any way other than as jurisdictional. This perception is engendered by two amendments to the statutes governing the commencement of will contests which have been enacted by the legislature subsequent to the Nupnau case, and they are significant to the issue in this case. The first amendment, effective January 1, 1976, changed sections 90 and 91 of the Probate Act to sections 8-1 and 8-2, respectively, of the Probate Act of 1975 *147 (Ill. Rev. Stat. 1975, ch. 3, par. 1-1 et seq.). Section 8-2 was amended to provide that the personal representative and all heirs and legatees of the testator must be made a party to the proceeding. The antecedent statutes had provided only that the personal representative, the heirs and legatees shall be made parties. Thus, the legislature indicated imperatively that it is necessary to join all parties. The second amendment became effective January 1, 1980. It consolidated the antecedent sections of the statute governing will contests into one section, 8-1, consisting of five sub-sections, under the single heading, "Contest of Admission of Will to Probate." The legislature thus addressed the concern in Nupnau that "[t]he requirement of section 91, relating to parties, is separate and distinct and does not purport to add to the steps which section 90 says must be taken within nine months."
 1 For reasons that must remain unknown, the Nupnau case does not discuss the application of section 46(4) of the Civil Practice Act (Ill. Rev. Stat. 1979, ch. 110, par. 46(4)), now section 2-616 of the Civil Practice Law (Ill. Rev. Stat. 1981, ch. 110, par. 2-616) to its decision. Section 46(4) concerns amendments of pleadings in a cause of action against a person not originally named a defendant. One may speculate that since the omitted parties in Nupnau were heirs, and stood to gain with the petitioners in the event the will was held invalid, they did not wish to oppose joinder to the action, and the issue was not presented. However, if the omitted parties had been legatees under the will, and thus potential losers if the petitioners' suit were successful, a section 46(4) defense would probably have been raised.
We respectfully disagree with our brethren of the Fourth District who, in In re Estate of Mears, concluded that section 46(4) was not applicable to a will contest proceeding because it is not an action "against" any person but is a quasi in rem proceeding to set aside a will. The Mears opinion overlooks salient points. Section 8-1(e) of the Probate Act of 1975 (Ill. Rev. Stat. 1981, ch. 110 1/2, par. 8-1(e)), provides that it is the duty of the representative to defend a proceeding to contest the validity of a will. The representative and legatees, that is beneficiaries, of the will must be served with process, and return must be made thereon, as in other civil cases. (Ill. Rev. Stat. 1981, ch. 110 1/2, par. 8-1(b).) In addition to the above, and to remove lingering doubt, section 1-6 of the Probate Act of 1975 (Ill. Rev. Stat. 1981, ch. 110 1/2, par. 1-6) expressly makes the Civil Practice Act applicable to a will contest proceeding "except as otherwise provided in this Act." There is no exception stated or suggested in section 8-1 of the Act that would omit application of section 46(4).
*148 In a sense, a will contest is an attack upon the decedent and his desire to dispose of his estate as he sees fit, and such proceedings ordinarily are highly antagonistic and hard-fought legal battles. Aside from the statutory duty to defend imposed upon the representative, the beneficiaries of the will should be deemed antagonists, persons against whom the proceeding is brought. They are necessary parties, real, not nominal, and they have the right to, and do, appear and defend. Our perception is that a will contest proceeding is brought "against" the representative and the beneficiaries named in the will under attack.
That no personal judgment is being sought against individual defendants does not erase the applicability of section 46(4). There are many cases in which section 46(4) would be applicable despite the fact that no personal judgment was being sought against parties-defendant.
Section 46(4) provides specifically, in pertinent part:
"A cause of action against a person not originally named a defendant is not barred by lapse of time under any statute or contract prescribing or limiting the time within which an action may be brought or right asserted, if all the following terms and conditions are met * * *." (Emphasis added.) (Ill. Rev. Stat. 1981, ch. 110, par. 46(4).)
Following the above, the statute sets out five terms and conditions, (a) through (e), which need not be set forth in full. Conditions (a), (b) and (d) are fulfilled in this case, and condition (e) has probably been fulfilled. However, condition (c) has not been met. Condition (c) provides:
"[S]ervice of summons was in fact had upon the person, his agent or partner, as the nature of the defendant made appropriate, even though he was served in the wrong capacity or as agent of another, or upon a trustee who has title to but no power or management or control over real property constituting a trust of which the person is a beneficiary * * *." (Ill. Rev. Stat. 1981, ch. 110, par. 46(4)(c).)
Here, the executor of the will, the First National Bank of Newton, was not named a party-defendant within the six-month limitation period, either in the caption of the case or in the body of the petition. The petition did not refer to the executor in any way. No summons was served upon the executor. No individual who was made a party-defendant and served with summons had any connection with the executor bank. None of the persons named as a party-defendant and served with summons served as the agent or partner of the executor.
*149  2, 3 An executor is a person who is appointed by a testator to carry out the testator's directions concerning the dispositions he makes under his will. (In re Estate of Silverman (1972), 6 Ill. App.3d 225, 285 N.E.2d 548.) The purposes of an administration of an estate are: (1) the conservation of the personal assets of the estate, including the collection of all debts due the decedent, (2) the payment of all debts and taxes owed by the decedent and his estate and (3) the proper distribution of the residue among the heirs at law according to the terms of the will or the applicable statute of descent and distribution. (People v. Coslet (1977), 67 Ill.2d 127, 364 N.E.2d 67.) Neither the heirs nor the beneficiaries under the will can exercise these duties imposed by law upon an executor. An executor is an officer of the court. As such officer he is not an agent of the heirs or beneficiaries. He does not derive his power from them and is not subject to their control. See In re Estate of Herm (Iowa 1979), 284 N.W.2d 191.
 4 For the reasons given, this case differs in substantial particulars from Fleshner v. Copeland and Stephens v. Collison that were relied upon in the Nupnau case. Furthermore, the legislature has amended the applicable statute to provide that the representative of the testator must be made a party to the proceeding named in the petition in the same paragraph that requires a petition to contest a will to be filed within six months after admission of the will to probate. A statutory amendment creates a presumption that it was intended to change the former law. (Caterpillar Tractor v. Lenckos (1979), 77 Ill. App.3d 90, 395 N.E.2d 1167, aff'd (1981), 84 Ill.2d 102, 417 N.E.2d 1343; People v. Davis (1981), 95 Ill. App.3d 1097, 420 N.E.2d 1035.) Assuming, for the sake of argument, that the executor had knowledge of the petition to contest the will, as petitioners contend, that knowledge does not extricate petitioners from the result of failing to comply with the statute by making the executor a party defendant within the six month limitations period. See Greenwood v. Blondell (1980), 85 Ill. App.3d 186, 406 N.E.2d 204.
 5 We recognize that the facts of this case are similar to those in In re Estate of Mears. They are similar in that in both cases the executor of the will was not made a party-defendant. They are different in that in Mears the petition to contest alleged that an executor had been nominated and letters had issued to him. In this case, no mention was made anywhere in the petition of the executor or the letters that had been issued to it. As we said earlier, the court in Mears found that section 46(4) of the Civil Practice Act was inapplicable to the will contest proceeding because the proceeding was not "against" a person not originally named a party. For the reasons set forth *150 above, we disagree with this conclusion and respectfully decline to follow Mears.
Affirmed.
HARRISON, P.J., and WELCH, J., concur.